ANNIE NAUGHTON and JOHN E. NAUGHTON, as Executors and Trustees under the Last Will and Testament of ELIZA NAUGHTON, Deceased, Respondents, v. ANN VION and Others, Defendants; BRIDGET M. DOOLEY, Appellant.

*Foreclosure — a judgment by default should follow the relief demanded in the complaint — a judgment giving relief not asked for is irregular but not void, where the facts alleged justify it.*

A judgment should not be taken against a defendant upon his default for relief not demanded in the complaint, but where a judgment has been entered by default for relief to which the plaintiff is entitled under the allegations of his complaint, although such relief is not asked for, the judgment is not void, but is irregular, and may be amended in furtherance of justice.

In an action brought to redeem from a sale in foreclosure, it appeared that James Naughton, owner of the fee, mortgaged the premises in question to James Dooley, who assigned the mortgage to a person named Wallace; that in the meantime the fee had passed from James Naughton to Eliza Naughton; that Wallace foreclosed the mortgage and made Eliza Naughton a party to the foreclosure suit; that she was duly served with the summons and the notice of the object of the action; that she made default therein, and that judgment "adjudging that the defendants and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be forever barred and foreclosed."

It further appeared that the complaint demanded judgment that the. defendant James Naughton and all persons claiming under him *subsequent to the commencement of the action* should be barred and foreclosed of their rights and claims, but it asked no relief foreclosing the grantees of James Naughton.

*Held*, that the judgment was not void, was merely irregular and should be amended;

That the trustees of the residuary estate of Eliza Naughton, since deceased, had no standing to redeem the premises, as their action was barred by the foreclosure judgment.

APPEAL by the defendant, Bridget M. Dooley, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on

the 7th day of May, 1895, upon the decision of the court rendered after a trial at the New York Special Term.

*David McClure*, for the appellant.

*Alfred L. Brown*, for the respondents.

Van Brunt, P. J.:

In February, 1874, one James Naughton, being the owner of the premises in question, mortgaged the same to one James Dooley to secure the payment of $3,250. After Naughton had made the mortgage, he conveyed the premises covered by the mortgage to John E. Naughton, who in turn conveyed them to Eliza Naughton. Dooley assigned the bond and mortgage to a man by the name of Wallace, who commenced an action to foreclose said mortgage. At this time Eliza Naughton was the owner of the fee. She was made a party defendant to the foreclosure suit, and was served with the summons, together with a notice of the object of the action. She did not appear in the action. Thereafter such proceedings were had that a judgment of foreclosure and sale was entered, which, among other things, adjudged "that the defendants, and all persons claiming under them, or any or either of them, after the filing of such notice of pendency of this action, be forever barred and foreclosed." Under this judgment a sale was had upon which the plaintiff in that action bought the property, and the defendants in this suit claim through him. Eliza Naughton, the owner of the equity of redemption at the time of the foreclosure, died in October, 1891, leaving a last will and testament which was duly admitted to probate by the Surrogate's Court of the county of New York, by which will her residuary estate was devised to her son, John E. Naughton, and her daughter, Annie Naughton, as trustees upon certain trusts. These trustees bring the present action to redeem, basing their right to such relief upon the ground that the prayer of the complaint in the foreclosure suit did not ask that the equity of redemption of Eliza Naughton should be barred and foreclosed, and that the judgment which was entered in that action being for other relief not prayed for in the complaint, is void so far as it cuts off the right to redeem of Mrs. Naughton. The plaintiff

succeeded in the action, and from the interlocutory judgment thereupon entered this appeal is taken.

The complaint in the foreclosure action was in the usual form, and alleged that Eliza Naughton had, or claimed to have, some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, had accrued subsequently to the lien of said mortgage. The complaint demanded judgment that the defendant James Naughton (the person who conveyed the fee to John E. Naughton), and all persons claiming under him " *subsequent to the commencement of this action*," might be barred and foreclosed, etc., and did not ask relief barring and foreclosing his grantees.

It is claimed, as already stated, that the judgment of foreclosure and sale barring these parties was irregular and void upon the ground that the parties being in default, a judgment more favorable to the plaintiff than that demanded in the complaint could not be had. It may be true that the judgment was irregular, but it was not void, and if it was not void, this action cannot be maintained. None of the cases cited upon the part of the respondents holds that such a judgment is void. It is true that it is held that judgment will not be permitted upon default for more than is asked for in the complaint, and that upon motion in the action in which such a judgment has been entered, such judgment will be set aside where justice requires it. But in no case has it been held that where a judgment has been entered for relief to which the plaintiff by his allegations has shown himself to be entitled, the judgment is void because he did not demand such relief. It is clear that if, after the service of the summons and notice of object of action in the foreclosure suit upon the owner of the equity of redemption, the plaintiff therein had discovered the omission in the prayer of his complaint, that upon an *ex parte* application the court would have had the right to have cured the defect. And that such right exists even after judgment seems to be established by the case of *Hogan* v. *Hoyt* (37 N. Y. 300). In that case a decree of foreclosure was entered appointing a referee to sell. Instead of the sale being made by the referee, it was made by the sheriff. This discrepancy having been discovered upon an examination of the title by a proposed purchaser, a motion was made to amend the decree by striking out the name of the referee and inserting that of the sheriff by whom the sale was actually made.

Such motion was granted by the Special Term, and the order entered thereon was affirmed by the General Term and by the Court of Appeals.

In the case of *Hatch* v. *Central National Bank* (78 N. Y. 487), after the plaintiffs had recovered a judgment and it was satisfied, a motion was made to vacate the judgment, which was done and new causes of action allowed to be added to the complaint by amendment, although by so doing the Statute of Limitations was avoided.

The case of *Ladd* v. *Stevenson* (112 N. Y. 325) lays down the broad principle that pleadings and proceedings may be amended entirely independent of the Code where the furtherance of justice requires it; that it is an inherent power in the court, which it would be quite unfortunate if it did not possess to the fullest extent.

The judgment in question in the case at bar, therefore, being capable of amendment, was not void, and is a bar to the maintenance of the present action.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Follett and Parker, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.