### BRENEN v. NORTH.

(Supreme Court, Appellate Division, First Department. June 19, 1896.)

1. LIS PENDENS—PREMATURE FILING—FORECLOSURE OF MORTGAGE.
   The validity of a decree of foreclosure is not affected by the fact that notice of lis pendens was filed before the filing of the complaint, instead of being filed at the same time, or at a subsequent time, before judgment, as required by Code Civ. Proc. § 1670; it appearing that no right was acquired by anybody intermediate the beginning of the action and the sale.

2. MORTGAGES—FORECLOSURE—PRAYER FOR JUDGMENT.
   A judgment of foreclosure is not void because the complaint asked that the mortgagor and all persons claiming under him subsequent to the action be foreclosed, though before the action was brought the mortgagor had conveyed the premises to third persons; but it is merely irregular. Naughton v. Vion, 36 N. Y. Supp. 312, 91 Hun, 360, followed.

3. SUMMONS—PUBLICATION—AFFIDAVIT.
   An affidavit, made by plaintiff's attorney, that one of the defendants could not, after due diligence, be found in the state, and that deponent had inquired from people who knew him, and was informed that such defendant had left New York seven years before, and never returned to his knowledge; and an affidavit by the absent defendant's sister that he had left the state seven years before, that she had never heard from him, that diligent inquiries had been made as to his whereabouts, and she was unable to get any information concerning him, and she therefore believed that he was not a resident of this state,—are sufficient to authorize an order of publication against such defendant.

4. SAME—SUFFICIENCY OF PUBLICATION.
   A publication is not defective because the summons as published omitted the name of some of the defendants.

5. COSTS—WAIVER OF RIGHT.
   The right to costs may be waived by stipulation of the parties, though the case is one in which costs are in the discretion of the court. Van Brunt, P. J., dissenting.

Controversy between Edward Brenen, as plaintiff, and James North, as defendant, submitted without action, on an agreed statement of facts, pursuant to Code Civ. Proc. § 1279. Judgment for plaintiff.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

Abram L. Elkus, for plaintiff.
Charles L. Greenhall, for defendant.

PATTERSON, J. The controversy between the parties on this record is submitted upon an agreed state of facts, pursuant to the provisions of section 1279, Code Civ. Proc. It arises out of an agreement in writing by which the plaintiff contracted to sell and convey to the defendant certain premises in the city of New York. The de-

fendant declined to receive a conveyance, upon the alleged ground that the plaintiff was unable to convey a marketable title, and the objections he urges will be considered in the order in which he has presented them.

The premises referred to in the contract belonged in 1857 to one Luke Clark, who on the 1st of May of that year executed a mortgage upon the same to Harriet Thompson, which was subsequently transferred to Edward Brenen. In 1886 Clark and his wife conveyed the premises to Patrick Brodie, who in the same year conveyed them to Bridget Brodie. Bridget Brodie died intestate, leaving as her heirs at law a son, Thomas, of whom nothing seemed to be known in 1886, —whether he was alive or dead, or whether he left a widow or children; a daughter, Ellen Brodie, since deceased; a daughter, Ann Brodie; and grandsons, Patrick and Timothy MacDonald, children of Mary Brodie MacDonald, a deceased daughter. In October, 1885, Brenen, the holder of the mortgage made in 1857 by Luke Clark, began an action for the foreclosure and sale of the premises in question; making parties thereto all who were interested in the property, including those who were presumptively heirs at law of Thomas Brodie. Judgment of foreclosure and sale was rendered in that action in February, 1886. The notice of lis pendens therein was filed in the office of the clerk of the city and county of New York on the 28th of October, 1885. The complaint was not filed until the 11th day of November, 1885, and this circumstance gives rise to the first objection taken by the defendant to the title. It is claimed that the requirements of section 1670 of the Code of Civil Procedure are imperative, and that, in order to make a foreclosure judgment effectual, the notice of lis pendens must be filed either at the same time that the complaint is filed, or at some subsequent time before final judgment, and that the premature filing of the notice is a fatal defect in the proceeding. It does not appear that any right was acquired by anybody, as against this property, by incumbrance or lien, intermediate the beginning of the suit and the decree and the sale thereunder. By the decree and the deed given under the sale, the title of the owner of the equity of redemption, and the claims of all other defendants, were effectually divested and cut off, and there is no practical question raised respecting the title acquired by the purchaser at the sale. Had there been intervening incumbrances or liens, a different question would be raised, as was the case in Weeks v. Tomes, 16 Hun, 349. We think, therefore, that this objection is untenable.

It further appears by the submitted statement that in the action of Brenen the prayer of the complaint was that the defendant Luke Clark, and all persons claiming under him subsequent to the commencement of the action, be barred and foreclosed of all right, claim, lien, and equity of redemption of said premises. At the time the suit was begun, Clark had no interest or estate in the premises, for they had been conveyed by him to the Brodies. The complaint did not pray for any relief barring any other of the defendants than Luke Clark, and those claiming under him. It is now urged that under the provisions of section 1207 of the Code of Civil Procedure

the judgment could be no broader than the demand for relief, as the other defendants did not answer in the suit. This defect in the complaint does not render the judgment of foreclosure and sale void. The precise question was considered in the case of Naughton v. Vion, 91 Hun, 360, 36 N. Y. Supp. 312, where it was held that the judgment in a foreclosure action, where the relief was broader than the prayer concerning the hearing and foreclosing of the rights and claims of parties defendant, was not void, but was merely irregular, and could be amended. That authority disposes of that objection.

The summons in the action of Brenen against Clark was sought to be served on Thomas Brodie (whose whereabouts, if he were alive, were unknown) by publication, and it is claimed that the affidavits upon which the order of publication was granted were insufficient to give jurisdiction. Those affidavits were made by the attorney for the plaintiff in that foreclosure suit, and by Ellen Brodie, who was a sister of Thomas Brodie. The attorney swears that Thomas Brodie could not, after due diligence, be found in the state, and that the deponent had inquired from people who knew Thomas Brodie, and he was informed that he left New York seven years ago, and never returned, to their knowledge. Ellen Brodie swore that Thomas Brodie had left New York seven years before the time she made her affidavit; that she had never heard from him; that diligent inquiries had been made as to his whereabouts and she was unable to get any information concerning him; and that, therefore, she believed he was not a resident of this state. The affidavits were sufficient to authorize the order of publication. There certainly was some evidence before the court that Thomas Brodie could not be served within the jurisdiction. The statement of due diligence in the efforts to serve him, as was remarked in Kennedy v. Trust Co., 101 N. Y. 489, 5 N. E. 774, is not necessarily an allegation of a conclusion of law, especially when considered in connection with the affidavit of the sister of Thomas Brodie that her brother had left New York seven years previously, and she had never heard from him, and that she also had made diligent inquiry as to his whereabouts. The affidavit of the sister contains the statement that she was satisfied that her brother did not reside within the city and county of New York, and, as stated before, the reasons for this belief were given. In Carleton v. Carleton, 23 Hun, 251, the affidavit for the publication of the summons stated that the defendant had not resided in the state of New York since March, 1877, and there was a further allegation that "the deponent is informed and believes that the defendant is a resident of San Francisco." That was held to be sufficient to give the court jurisdiction, and we think, in this case, where the service is attacked collaterally, there was enough contained in the affidavit of the sister—showing that the man had left New York seven years previously, and had never been heard from thereafter by members of his own family—to justify the judge who made the order in determining that the defendant Thomas Brodie was not a resident of the state of New York, and could not be found therein.

It is further made to appear by the submitted statement that

when the summons was published, pursuant to the order of publication against Thomas Brodie, the name of the first defendant, Clark, and the name of Thomas Brodie, alone appeared as defend-. ants; and, as there were other defendants, it is claimed that there was no proper publication. But there was a substantial compliance with the requirement of the law. The object of the summons was to give notice to the defendant Thomas Brodie that the action was pending against him. All that was necessary to give that notice was done. The name of the particular defendant summoned was given. The place at which his answer or notice of appearance must be served was mentioned in the publication. Whatever was requisite to put him upon inquiry was contained in the summons, as printed, and nothing more was necessary than that. A literal and exact copy was not required, if the whole of the summons, specifically directed to him as a defendant, and his name appearing therein as a defendant, was published as appears to have been the case here. It is unnecessary to consider the other questions raised on this submission. The effect of the strict foreclosure action becomes unimportant, in view of what has been previously said upon the other objections.

We are of the opinion that the title offered by the plaintiff was marketable, and free from such a doubt, and that the defendant should be required to accept the deed tendered by the plaintiff, conveying the premises under the contract, without costs, as they have been waived by the stipulation.

RUMSEY, WILLIAMS, and INGRAHAM, JJ., concur.

VAN BRUNT, P. J. I dissent upon the question of costs. Costs are in the discretion of the court, and this discretion cannot be taken away by stipulation of the parties. Costs should be allowed to the plaintiff.