McArthur *et al.* v. Southard.

A default judgment entered in an action to foreclose a mechanic's lien, which bars the defendants from any right to the premises, and is based on a prayer for relief, asking for a sale of the interest of one of the de-

fendants only, although erroneous in so far as it exceeds the prayer for relief, will not be vacated on motion after the lapse of over 12 years without notice being given to innocent intervening purchasers.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Lincoln county.    Hon. J. W. Jones, Judge.

Action to foreclose a mechanic's lien.    From an order overruling a motion to vacate a default judgment in favor of plaintiffs, defendant Southard appeals.    Affirmed.

The facts are stated in the opinion.

*Joe Kirby* and *F. L. Rowland*, for appellants.

The trial court had no jurisdiction to render judgment against defendants in excess of the relief demanded in the complaint.    Comp. Laws, § 5097; Simonson v. Blake, 20 How. Pr. 484; 6 Encyc. Pl. & Pr. 109; Belford v. Woodward, (Ill.) 29 L. R. A. 593; Oil Co. v. Maginnis, (Minn.) 20 N. W. 85; McKenzie v. Peck, (Wis.) 42 N. W. 247; Cleveland etc. Co. v. Grimes, (Neb.) 2 N. W. 345; Haven v. Baldwin, 5 Ia. 503; Gautter v. English, 29 Calif. 166.

*O. S. Gifford* and *Davis, Lyon & Gates*, for respondents.

Defendant's laches must defeat the motion to vacate the judgment.    6 Encyc. Pl. & Pr. 190; Edwards v. Hellings, (Calif.) 37 Pac. 218; Altman v. Gabriel, 28 Minn. 132; 9 N. W. 633; Meyer v. Mallon, 85 Hun. 450; Mueller v. McCullock, 59 Minn. 409, 61 N. W. 455; Snipes v. Jones, 59 Ind. 251; Patmor v. Rombauer, 41 Kan. 295, 21 Pac. 284.

Fuller, J.    This appeal is from an order made in circuit court, overruling a motion to vacate and set aside, as to defendant Emily Southard, an alleged default judgment entered in territorial district court on the 3d day of February, 1885. The facts fairly before us, and essential to a proper understanding of the case, so far as undisputed, are substantially as follows:    Being the owner of a city lot, appellant, Southard, entered into a contract of sale or bond for a deed with Isabella

M. Smith, who thereafter, for the purpose of making improvements thereon, purchased certain building material, to foreclose a mechanic's lien for which this action was instituted, November 14, 1883; and, at the time the summons was personally served upon all the defendants, notice of no personal claim was given appellant.    The complaint filed, after alleging a cause of action against the defendant Smith, entitling plaintiff to a foreclosure of its lien, states "that the defendant Emily Southard, plaintiffs are informed and believe, has or claims some interest in the land upon which said building stands, but she has no claim prior or superior to that of plaintiffs;  *  *  * wherefore plaintiff prays judgment directing a sale of the interest of the defendant Isabella M. Smith in the building and premises above described, to the extent of the right of the defendant, on the 3d day of October, 1883, and directing that the proceeds of said sale be applied to the payment of the costs of this proceeding and the payment of this plaintiff's claim as aforesaid; and, if the proceeds of said sale shall not be sufficient to discharge the costs and claim aforesaid, this plaintiff shall have leave to enter judgment for such sum as may remain due and unpaid, and for such other and further relief in the premises as may be just and equitable."    Upon the foregoing complaint and an answer purporting to be that of the "defend. ants," verified by Isabella M. Smith, and subscribed, "J. W. Taylor and K. C. Stabeck, Dfts'. Attys.," the case proceeded to a judgment in favor of plaintiffs, which after directing a sale of all the right, title and interest of the defendant Smith in and to the building and premises described in the complaint, together with a deficiency judgment against said Smith in case her interest should sell for less than the amount claimed, with interest and disbursements, concludes as follows:    "And it is further orderd and decreed that the defendants, and all persons claiming under them or either of them, after the giving of such deed and the confirmation of sale thereof, be forever barred and foreclosed of all right, title, interest, and equity of redemption

in and to said premises so sold, or any part thereof, unless the same shall be redeemed within one year from the date of sale, as provided by law."

Immediately prior to entry of the foregoing judgment, the following affidavit of default was made and filed as a record in the case: "Frank R. Aikens, being duly sworn, says he is attorney for plaintiff in the above entitled action; that the summons and notice of the object of the action was served on the defendants Emily Southard and St. Croix Lumber Company on the 17th and 15th days of November, 1883; and that no answer, appearance, or demurrer has been by them, or either of them, served in the above entitled action." Note of issue and notice of trial were addressed to, and service thereof was admitted by, "J. W. Taylor, Attorney for Defendant Smith." Later, the following writing was executed, and became a part of the record: "Notice of motion for making the foregoing order confirming the sheriff's report of sale is hereby waived, and I consent that the same shall be confirmed as set forth in the above order. Canton, D. T., March 31st, 1884. J. W. Taylor, Attorney for the Defendant Isabella M. Smith." In the affidavit upon which this motion, made March 31, 1897, was predicated, appellant swears that she never appeared in the action by attorney or otherwise, and never employed or authorized any one to so appear; "that no notice of the rendition or entry of said judgment, or of said sale, or of the application for an order confirming the same, or otherwise, has ever been given or served upon affiant, and that the affiant had no knowledge that a judgment purporting to adjudge her rights in said premises inferior to that of said plaintiffs had ever been rendered, or that any judgment granting to plaintiff any greater relief than that demanded in the complaint, or than the relief as stated in the notice of no personal claim, had been ever rendered or entered, nor has this affiant had any notice or knowledge that said sale was ever made purporting to convey her interest until the date of this affidavit." This affidavit was

opposed by that of Charles E. Judd, who swears positively that appellant appeared and answered by her attorneys, J. W. Taylor and K. C. Stabeck; "that on or about the 28th day of January, 1885, said cause came on for trial in said court, upon the issues joined therein, between said plaintiffs, by their complaint and the said defendants, by their answer herein, to a jury, which jury returned a verdict into the court for the plaintiffs; and subsequently thereto a judgment was made, entered, and ordered herein, decreeing, among other things, that the rights of the defendant Emily Southard in and to the premises described in the complaint herein, and all persons claiming under her, should be forever barred and foreclosed of all right, title, interest, and equity of redemption in and to said premises, unless the same should be duly redeemed within one year from the date of sale thereof, as provided by law." It further appears from this affidavit that a foreclosure sale made pursuant to this decree was confirmed by the court on the 3d day of April, 1885; and in 1886 (the year of redemption having expired) a sheriff's deed was executed to plaintiffs W. and A. McArthur, who thereafter conveyed to the grantor of Charles E. Judd, who now claims to be 'the absolute owner thereof. It further appears from said affidavit that having thus succeeded to all the rights of the McArthurs, plaintiffs herein, affiant, Judd, was substituted in their stead as a party defendant in an action commenced by appellant, Southard, in 1885, against them and Isabella M. Smith, to foreclose the bond for a deed heretofore mentioned. K. C. Stabeck, whose name appears upon the answer as one of defendant's attorneys in this action, being retained by her, together with other counsel, and the judgment sought to be vacated, together with the records and files in the action, being then before the court, attorneys for respondent contend that she was at that time charged with actual knowledge of all such judgment contains, and is therefore guilty of inexcusable laches in making this motion. Deponent further states, specifically referring to the record and opinion of this

court on appeal, "that said action brought by said Emily Southard against said Iabella M. Smith *et al.* was tried in this court, by referee, who found all of the facts therein as herein stated; that judgment therein was rendered against this defendant, who thereupon appealed from said judgment to the supreme court of the state of South Dakota, which court reversed the same, and ordered a new trial therein;  *  *  *  ·that said action has been pending in this court since the 28th day of November, 1885; and that it has been well known to all of the attorneys engaged in said cause, since the commencement thereof, that the plaintiffs herein, W. and A. McArthur, and the persons who have succeeded to their interests in and to the said premises, have at all times claimed and alleged and insisted that the issues in the action at bar, between all of the parties, were settled and tried by the verdict and judgment entered therein, and that the said J. W. Taylor and K. C. Stabeck, particularly, were the attorneys for the said Emily Southard in said action;  *  *  *  that this deponent has succeeded to all of the rights and interests in and to the said premises, decreed, sold, and conveyed by the said W. and A. McArthur, and he is now the owner of said premises by and in pursuance of said decree, sale and conveyance; that said deponent is now, and has been for more than 15 years last past, a citizen and resident of Canton, South Dakota, and has known and been personally acquainted with the said Emily Southard during all of said period;  *  *  *  and it has been a matter of record in the office of the register of deeds of said county during all of said period that this deponent has claimed the ownership and title to the premises described in this action, through deeds of conveyance from said W. and A. McArthur, and it has never been intimated nor stated in any manner to deponent by the said Emily Southard, nor by any other person, that she had no attorneys and made no appearance in the action at bar, but, on the contrary, this deponent has been led to believe during all of said time, and did believe from the records and pleadings in

said action and otherwise, that the said Emily Southard did appear in the action at bar by her said attorney, and that she was foreclosed of all right and interest in said premises under and by said decree, sale, and deed entered and made herein and above referred to; * * * that the affidavit of said Emily Southard made and served herein was the first intimation or knowledge of any kind or character that this affiant ever had that the said Emily Southard made any claim that the said Taylor and Stabeck had no authority to act for her as her attorneys herein."

The case to which affiant Judd refers (Southard v. Smith, 8 S. D. 230, 66 N. W. 316) was considered on appeal, as tried in the court below, upon the theory that appellant, Emily Southard, appeared and answered in this action and upon the record presented. This court held that she was concluded by failure to deny the allegation of the complaint "that the defendant Emily Southard, plaintiffs are informed and believe, has or claims some interest in the land upon which said building stands, but she has no claim prior to that of plaintiff." Such an allegation has been held to be sufficient notice of a paramount claim in a foreclosure proceeding, and that the status of a defendant with reference to the property involved would be litigated, and, upon failure to answer, he may be, by the decree, forever estopped from asserting any superior right to, interest in, or lien upon, said property. Wolfinger v. Betz., 66 Iowa 594, 24 N. W. 228. Although there is nothing in the record to indicate whether the trial court concluded that appellant had in fact answered, or whether the order complained of was suggested by the view that the judgment, though by default, is not void, but merely irregular, and that appellant's long acquiescence is inexcusable, we are of the opinion that the order appealed from is sustainable upon either ground. The latest adjudication of the New York court upon the following state of facts, under a statute like ours, is an authority in point: "The prayer of the complaint was that the defendant Luke Clark and all persons claiming under him subsequent to

the commencement of the action be barred and foreclosed of all right, claim, lien, and equity of redemption of said premises. At the time the suit was begun, Clark had no interest or estate in the premises, for they had been conveyed by him to the Brodies. The complaint did not pray for any relief barring any other of the defendants than Luke Clark and those claiming under him. It is now urged that, under the provisions of Sec. 1207 of the Code of Civil Procedure, the judgment could be no broader than the demand for relief, as other defendants did not answer in the suit. This defect in the complaint does not render the judgment of foreclosure and sale void. The precise question was considered in the case of Naughton v. Vion, 91 Hun. 360, 36 N. Y. Supp. 312, where it was held that a judgment in a foreclosure action, where the relief was broader than the prayer, concerning the barring and foreclosing of the rights and claims of parties defendant, was not void, but was merely irregular, and could be amended." Brenen v. North, 7 App. Div. 79, 39 N. Y. Supp. 975; Kerr's Supp. Wiltsie, Forec. Mortg. § 292a.

The hardships likely to result from the indiscriminate exercise of the power to vacate an erroneous judgment, on motion and due consideration, for the security of a title that has for many years rested undisturbed on a judicial proceeding, suggests a court of equity as a proper forum to which, if appellant has a remedy, application for relief should be made; and the court very wisely denied the motion. By the service of the summons and the filing of a complaint, good as against appellant, on demurrer the court acquired jurisdiction to hear and determine the case according to the law and facts; and its decree, though erroneous in so far as it exceeded the prayer for relief, ought not, upon motion, to be vacated at this late day, under the circumstances presented, and without notice to innocent intervening purchasers of the property, whose title would thus be devested without a day in court. The order appealed from is affirmed.