## J. T. Russell, Jr., and Eugene Butler, copartners, trading as Russell & Butler, Defendants in Error, v. The Mahaffey Company, Plaintiff in Error.

### Gen. No. 21,693.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

### Statement of the Case.

Action by J. T. Russell, Jr., and Eugene Butler, copartners, trading as Russell & Butler, plaintiffs, against The Mahaffey Company, a corporation, defendant. The action was for the amount remaining unpaid upon a judgment for $287.75 with interest and costs, in favor of plaintiffs and against defendant, rendered by the Circuit Court of Lauderdale county in the State of Mississippi. On a trial before the court the issues were found for plaintiffs and damages assessed against defendant for $153.86, and defendant seeks this review.

Defendant in its affidavit of meritorious defense interposed as its defense to the judgment that the Mississippi court did not have jurisdiction to render against it the judgment which it did; that it had never engaged in business in the State of Mississippi; had never had any agent or representative in the State upon whom process could be served; that it never appeared in the action; that it never had any business transactions with the plaintiffs; that it was never indebted to the plaintiffs; that defendant was never within the jurisdiction of the Circuit Court of said Lauderdale county nor brought into nor made subject to its jurisdiction.

Plaintiffs offered in evidence a duly authenticated

Russell et al. v. The Mahaffey Co., 199 Ill. App. 388.

and exemplified judgment of the Lauderdale county Circuit Court, and proved by the testimony of one of its attorneys that it had authorized his firm to appear and defend the suit; that they did so, and from the first judgment appealed to the Mississippi Supreme Court and obtained a reversal; that the case was again tried and again unsuccessfully defended, and that the judgment in suit is the second judgment in the cause; that the same was in full force, that no further proceedings to review that judgment had been taken and that the defendant had paid its attorneys for all their services, both in the trial court and on appeal.

Thornton & Chancellor, for plaintiff in error.

M. F. Gallagher and E. B. Wilkinson, for defendants in error.

Mr. Justice Holdom delivered the opinion of the court.

## Abstract of the Decision.

1. Judgment—*when evidence sufficient to support verdict on foreign judgment.* In an action on a foreign judgment, evidence examined and *held* to show that the foreign court had jurisdiction of defendant and of the subject-matter of the suit, and that defendant was represented at the trial by counsel having authority from him to appear.

2. Judgment, § 580*—*when foreign judgments binding on parties.* In an action on a foreign judgment where the evidence shows that the foreign court had jurisdiction of defendant and of the subject-matter of the suit and that defendant was represented by counsel having authority from him to appear, the judgment of the foreign court binds all the parties to it.

3. Judgment, § 670*—*when jurisdiction of foreign court presumed.* In an action on a foreign judgment, the recital in the record of the appearance of defendant by attorney is presumptive evidence that the court had jurisdiction of defendant's person, the authority of the attorney being presumed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4.  JUDGMENT—*when evidence sufficient to show jurisdiction of foreign court.*  In an action on a foreign judgment where the record recites the appearance of defendant by attorney and there is evidence of one of the attorneys that his firm was employed and that the suit was defended by it, and that the services rendered in such defense were paid for by defendant, all the elements necessary to render the judgment effective are present in the record.

5.  APPEAL AND ERROR, § 1485*—*when admission of evidence harmless error.*  In an action on a foreign judgment, even though it is error to receive evidence of attorneys for the defendant in the action in the foreign court that they were employed by defendant, that the suit was defended by them and that services rendered were paid for by defendant, such error is harmless where the recital of appearance appears in the record.

6.  JUDGMENT, § 658*—*when defense made too late on action in foreign judgment.*  In an action on a foreign judgment, the contention that the claim in the foreign action was against another corporation of the same name as defendant and that the record showed that such claim was contracted before defendant's incorporation, comes too late when first made in the action on the foreign judgment.

7.  DEPOSITIONS, § 22*—*when judge may read depositions before offered or read by counsel.*  The trial court may read the depositions in the case before they are offered or read by counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.