DETERMINED IN THE

## SECOND DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1924.

---

## Bernice Nelson, Plaintiff in Error, v. R. E. Sutton, Defendant in Error.

### Gen. No. 7,220.

1. FOREIGN JUDGMENTS—*validity in State of origin as test of validity in Illinois.* A judgment rendered by a South Dakota court of competent jurisdiction, after a trial of the issues of fact by a jury, awarding damages to plaintiff in error for breach of promise of marriage and seduction, is valid in Illinois and may be enforced by an action in debt, where, although the evidence shows that it was rendered on an amended complaint which charged seduction in addition to the charge of breach of promise contained in the original complaint and that no copy of the amended complaint was served on defendant in error as required by South Dakota Code, sec. 2376, and that defendant did not appear at the trial after notice, and that under such Code, sec. 2564, the court could not grant relief in excess of that prayed in the complaint, such judgment would not be void in South Dakota as against collateral attack but merely irregular even if the relief granted was greater than plaintiff was entitled to under her complaint.

2. FOREIGN JUDGMENTS—*conformity to pleading and proof.* An amendment to a complaint charging breach of promise to marry which sets up in addition thereto a charge of seduction adds nothing to plaintiff's right to relief in addition to that prayed in

(93)

the original complaint, under the laws of South Dakota making seduction a criminal offense, since the action for breach is a civil one and the criminal liability for seduction is not involved, especially where it appears that, under South Dakota practice, proof of seduction is admissible in aggravation of damages in an ·action for breach of promise, and the granting of relief by the South Dakota court on the amended complaint was not in excess of that demanded in the original complaint and did not invalidate the judgment as the basis of an action in debt in Illinois.

Error by plaintiff to the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1923. Reversed and remanded. Opinion filed February 16, 1924. Rehearing denied April 2, 1924.

WILEY W. KNIGHT and FISHER, NORTH, WELSH & LINSCOTT, for plaintiff in error.

SHERIN & SHERIN and SHEEAN & SHEEAN, for· defendant in error.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

The plaintiff in error, Bernice Nelson, began an action of debt in the circuit court of Jo Daviess county against the defendant in error, R. E. Sutton. Upon issue being joined a jury was waived, and after the evidence was heard the court found in favor of the defendant in error and this writ of error followed.

On November 2, 1918, the defendant in error was served with a summons from the circuit court of Deuel county, South Dakota, to answer the complaint of the plaintiff in error which averred that on December 24, 1917, the defendant in error promised to marry the plaintiff in error, and that on August 12, 1918, the defendant in error was married to Tillie Mundahl, to the damage of the plaintiff in error in the sum of $15,-000. The defendant in error demurred to the complaint. The demurrer was overruled and the defendant in error elected to stand by his demurrer and prosecuted an appeal to the Supreme Court of South

Dakota where the judgment of the lower court was affirmed and the cause remanded for further proceedings. [42 S. D. 124.] On January 14, 1920, according to the practice in South Dakota, a note that the issue in the case was one of fact to be tried by a jury was given to the clerk of the circuit court, and a notice was served on the defendant in error through his attorneys that the case would be tried at the next term of court. The cause was continued at several succeeding terms of court, and finally on February 9, 1921, plaintiff in error filed an amended complaint charging breach of promise and that by reason of the promise of marriage the defendant in error debauched and seduced the plaintiff in error. The defendant did not appear, and no rule was entered against him to answer the amended complaint. The record shows that issue was joined; that the cause was regularly called for trial at the February term, 1921; that the attorney for the defendant in error was duly notified of the time of trial and failed to appear; that the court caused the name of the defendant in error and his counsel to be thrice called in the court room and at the front door of the courthouse and the defendant in error failed to appear; that a jury was impaneled, evidence was taken, and a verdict rendered in favor of the plaintiff in error for $7,250, which judgment remains unpaid.

At the November term, 1921, of the circuit court of Jo Daviess county, Illinois, the plaintiff in error began suit upon this judgment recovered in South Dakota and process was served on the defendant in error. The declaration was in debt and based on the South Dakota judgment. The defendant in error entered a special appearance and filed a plea to the jurisdiction of the South Dakota court, which plea alleged that defendant in error was not personally served with process on November 2, 1918, in the circuit court of South Dakota in an action for breach of promise of marriage and seduction, and that any judgment rendered in the

circuit court of South Dakota for breach of promise
of marriage and seduction was null and void for want
of jurisdiction. He also filed a plea of *nul tiel record*
and a plea of *nil debet*. The plaintiff in error de-
murred to the plea in abatement on the ground that it
was a conclusion of law, and did not deny that the
defendant in error appeared by himself or attorney to
defend the action in the circuit court of South Dakota,
which demurrer was overruled. Issue was joined on
all of the pleas.

Upon the trial, the plaintiff in error introduced a
copy of the entire record of the circuit court of Deuel
county, South Dakota, certified under the act of Con-
gress. The defendant in error objected to the record
on the ground that there was a variance between the
complaint set out in the record and the judgment for
the reason that the complaint alleged service on No-
vember 2, 1918, and that the record showed service on
that day in an action of breach of promise, but that it
also appeared from the record that a judgment was
rendered against the defendant in error not only for
a breach of promise, but for a breach of promise and
seduction; that the amended complaint was not filed
until February 9, 1921, and there was no service of
the complaint of seduction on the defendant in error
or his attorney; that the record did not show any leave
by the court to file the amended complaint. After the
certified copy of the record was introduced, the de-
fendant in error offered sections 2329, 2330, 2376,
2377, 2378 and 2564 of the Code of South Dakota, and
the defendant in error and his attorney testified that
in the original case no other complaint had been
served upon them except the one charging breach of
promise. After the evidence had been heard the court
found the issues for the defendant in error and ren-
dered judgment against the plaintiff in error for costs.

The plaintiff in error contends that the trial court
erred in entering judgment for the defendant in error;

in holding that the amended complaint stated a new cause of action; in holding that it was necessary for the defendant in error to be served with a new summons on account of the amended complaint; in holding that the circuit court of South Dakota had no jurisdiction to enter judgment under the amended complaint; in permitting the defendant in error and his attorney to testify; in overruling the demurrers to the plea of *nil debet* and to the plea to the jurisdiction; and in admitting improper evidence on behalf of the defendant in error.

The principal question for consideration is whether or not the circuit court of South Dakota had jurisdiction to render this judgment. The various sections of the Code of South Dakota in evidence show that South Dakota is a Code State, and that the circuit court is a court of general jurisdiction. The determination of the question depends largely upon the construction to be placed on sections 2376 and 2564 of the Code of South Dakota. The first of these sections relates to amendments to pleadings, and after specifying the conditions under which amendments may be made contains the following: "In such case a copy of the amended pleading must be served on the adverse party." Section 2564 is as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may grant him relief consistent with the case made by the complaint and embraced within the issue."

In support of the contention that under section 2564 of the Code of South Dakota the judgment in question was void for the reason that it granted relief in excess of the demand in the original complaint, defendant in error has cited the case of *Sache v. Wallace,* 101 Minn. 169, 112 N. W. 386, 118 Am. St. Rep. 612, 11 L. R. A. (N. S.) 803. The Minnesota case was under a statute of that State quite similar to section 2564 of the Code of South Dakota. This seems to be a leading case on

the question at issue. The authorities are reviewed from many of the States of the Union on both sides of the question. No good purpose would be served in again reviewing them. It is sufficient to say that the authorities are not uniform. Some of them hold that the judgment is void, while others hold that the failure to comply with the statute is a mere irregularity which does not render the judgment void. The opinion holds that the weight of authority is to the effect that such a judgment is void; but it is also stated in the opinion that the decisions in South Dakota are not in accordance with this rule but are contrary to the weight of authority, and that in South Dakota it has been held that a failure to comply with the statute is an irregularity which does not necessarily render the judgment void and *Mach v. Blanchard*, 15 S. D. 432, 90 N. W. 1042, 58 L. R. A. 811, 91 Am. St. Rep. 698, is cited in support of this assertion.

In *Mach v. Blanchard* a judgment was rendered which was not prayed for, and in passing upon the validity of that judgment the Supreme Court of South Dakota said: "In New York, Iowa, California and Wisconsin, under statutes relating to demands for relief and relief in default cases substantially, if not identically, the same as those in this State, the courts of last resort have held that, where the defendant has not answered and the judgment grants relief not demanded in the complaint, the judgment is not on that account void, but only erroneous, and it cannot be assailed in a collateral proceeding. *Harrison v. Union Trust Co.*, 144 N. Y. 326, 39 N. E. 353; *Ketchum v. White*, 72 Iowa 193, 33 N. W. 627; *Bond v. Pacheco*, 30 Cal. 530; *Chase v. Christianson*, 41 Cal. 253; *Jones v. Jones*, 78 Wis. 446, 47 N. W. 728. The same conclusion was, in effect, reached by this court in *McArthur v. Southard*, 10 S. D. 566, 74 N. W. 1031. And it has been held in a criminal action that, where the court below has jurisdiction of the person and of the offense, the imposition of a sentence in excess of what the law

permits does not render the judgment void. *In re Taylor*, 7 S. D. 382. Our conclusion is that the judgment in *Parszyk v. Mach* [10 S. D. 555] was erroneous but not void, and that it cannot be assailed in this action. This view is supported by abundant authority and is consonant with sound reason.''

In *McArthur v. Southard*, 10 S. D. 566, 74 N. W. 1031, a default judgment was entered in a suit for the foreclosure of a mechanic's lien which barred the defendants from any right to the premises, and was based on a prayer for the sale of the interest of only one of the defendants. The Supreme Court of South Dakota held that the judgment, although by default, was not void, but was merely irregular, and that appellant's long acquiescence was inexcusable and that the judgment could be sustained on either ground. In deciding the case the court said: ''The latest adjudication of the New York court upon the following state of facts, under a statute like ours, is an authority in point: 'The prayer of the complainant was that defendant, Luke Clark, and all persons claiming under him subsequent to the commencement of the action, be barred and foreclosed of all right, claim, lien and equity of redemption of said premises. At the time suit was begun, Clark had no interest or estate in the premises, for they had been conveyed by him to the Brodies. The complaint did not pray for any relief barring any other of the defendants than Luke Clark and those claiming under him. It is now urged that, under the provisions of section 1207 of the Code of Civil Procedure, the judgment could be no broader than the demand for relief, as the other defendants did not answer in the suit. The defect in the complaint does not render the judgment of foreclosure and sale void. The precise question was considered in the case of *Naughton v. Vion*, 91 Hun 360, 36 N. Y. Supp. 312, where it was held that a judgment in a foreclosure action, where the relief was broader than the prayer, concerning the barring and foreclosure of the rights

and claims of parties defendant, was not void, but was merely irregular, and could be amended.' * * * The hardships likely to result from the indiscriminate exercise of the power to vacate an erroneous judgment, on motion and due consideration, for the security of a title that has for many years rested undisturbed on a judicial proceeding suggests a court of equity as a proper forum to which, if appellant has a remedy, application for relief should be made, and the court very wisely denied the motion.''

Where a judgment has been rendered by a court of general jurisdiction, there is a strong legal presumption that the court had jurisdiction to render the judgment and that its proceedings conform to the law of the State in which it was rendered. *Welch v. Sykes,* 8 Ill. 197; *Light v. Reed,* 234 Ill. 626; *Russell v. Mahaffey Co.,* 199 Ill. App. 388. A judgment of a sister State cannot be impeached by establishing irregularities in the form of the proceedings, or upon the ground that the decision is erroneous. *Drtina v. Charles Tea Co.,* 281 Ill. 262; *Dickinson v. Belden,* 268 Ill. 105. The Supreme Court of South Dakota has held in the two cases above referred to that even if the relief actually granted was greater than the plaintiff was entitled to under the original complaint, this was an irregularity which does not render the judgment void. If this judgment was valid and binding under the laws of South Dakota, then it was binding on the courts of Illinois, and it is immaterial what may be the holding of courts of other States upon the question involved in the case. If the judgment was valid in South Dakota, then it would be sufficient to form the basis of the suit in Illinois and the trial court was in error in holding to the contrary.

The further question remains as to whether the amendment to the complaint which brought into the case the element of seduction was in fact such an amendment as gave plaintiff in error greater relief than she would have been entitled to under the original

complaint. In support of the contention of defendant in error that greater relief was granted, the sections of the Code of South Dakota are cited which define seduction. Seduction is a criminal offense under the Code, but that fact does not of itself give plaintiff in error greater relief than she was entitled to under the original complaint. This was not a criminal case. Breach of promise of marriage is a breach of contract and is not made criminal by the Code. The mere fact that defendant in error might be punished criminally for breach of promise and seduction and could not be punished criminally for breach of promise is not material in this case. In a civil action for breach of promise, proof may be offered showing seduction. This is for the purpose of aggravating the damages. *Tubbs v. Van Kleek,* 12 Ill. 446; *Fidler v. McKinley,* 21 Ill. 308; *Lowden v. Morrison,* 36 Ill. App. 495; *Garmong v. Henderson,* 112 Me. 382, 92 Atl. 324; 5 Cyc. 1021; 4 Amer. & Eng. Encyc. of Law 898. This is the rule in Illinois even where the seduction is not alleged in the declaration. *Poehlmann v. Kertz,* 204 Ill. 418. The same rule seems to prevail in South Dakota. *Poe v. Arch,* 26 S. D. 291, 128 N. W. 166. If, under the original complaint charging mere breach of promise, the plaintiff in error could prove the seduction in aggravation of damages, then it was not necessary to amend the complaint so as to charge seduction in order that proof of seduction might be admitted. The amendment did not change the issues or the rules of evidence. The same evidence was admissible under each and for that reason the relief granted the plaintiff in error did not exceed that which she had demanded in her original complaint. The judgment as rendered by the circuit court of South Dakota was not void for want of jurisdiction and the trial court was in error in so holding.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*