THE MANHATTAN BEACH COMPANY, Plaintiff, *v.* RACHEL BONNER, Defendant.

Supreme Court, Kings Special Term, June 30, 1924.

Mortgages — foreclosure — motion to vacate deficiency judgment in action for foreclosure of mortgage where complaint contained no demand for judgment — judgment entered on defendant's failure to appear and answer — plaintiff not entitled to judgment more favorable than that demanded in complaint under Code of Civil Procedure, § 1207 (now Civ. Prac. Act, § 479) — judgment void and motion granted.

A deficiency judgment rendered in an action for the foreclosure of a mortgage is void and a motion to vacate will be granted where the defendant did not appear or answer and the complaint contained no demand for judgment, since under section 1207 of the Code of Civil Procedure (now Civ. Prac. Act, § 479) the plaintiff was not entitled to judgment more favorable than that demanded in the complaint.

MOTION to vacate a deficiency judgment in an action for the foreclosure of a mortgage.

*Austin, McLanahan & Merritt* (*George C. Austin*, of counsel), for the plaintiff.

*Hirsh, Newman & Reass*, for the defendant.

BENEDICT, J. This is a motion to vacate a deficiency judgment rendered in an action for the foreclosure of a mortgage. The complaint, apparently by inadvertence, contained no demand for judgment whatever. The defendant did not appear or answer, and subsequently judgment was entered and the mortgaged premises sold thereunder. The sale resulted in a deficiency for which personal judgment was subsequently rendered against the defendant. She now moves to vacate this deficiency judgment more than a year after its rendition. The provision of section 1207 of the Code of

Civil Procedure (now Civ. Prac. Act, § 479), which was in force at the time of the rendition of said judgment, that where the defendant does not answer the plaintiff cannot have a judgment more favorable than that demanded in the complaint is, of course, the basis of the motion. The plaintiff's contention is that the judgment was irregular merely, and not void, and hence that the motion is barred by the provision limiting applications for relief in respect of irregular judgments to the period of one year from the filing of the judgment roll. Code Civ. Pro. § 1282 (now Civ. Prac. Act, § 521). Plaintiff cites two cases which apparently support this contention. *Naughton* v. *Vion,* 91 Hun, 360; *Brenen* v. *North,* 7 App. Div. 79, 81. Defendant on the other hand relies especially upon the case of *Clapp* v. *McCabe,* 155 N. Y. 525. The facts in that case differed somewhat from those in the case at bar, but the reasoning of the opinion, in which all the judges concurred, is clearly applicable, and leads to the conclusion that a judgment so rendered is void rather than irregular. The following excerpts from Judge O'Brien's opinion are pertinent (p. 532): " By section 1207 of the Code it is provided that, ' where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint.' This means that the court was forbidden by statute to include in the decree any relief greater than that demanded in the complaint; and since the complaint did not demand a sale of the parcel in controversy, the court had no power to include it in the description of lands to be sold. This court has very properly held that this provision of the Code is for the protection of the defendant who suffers default. (*Peck* v. *N. Y. & N. J. Ry. Co.,* 85 N. Y. 246.) If it were otherwise there would be no protection to a defendant who had suffered default, and the plaintiff would be at liberty to enter a judgment for any measure of relief that he desired, whether it was embraced within the complaint or not, and then put the defaulting defendant to his motion to correct the judgment. A defendant under such circumstances can, doubtless, make such a motion, as he can also make a motion to set aside a judgment against him which is absolutely void. But his remedy is not confined to such a motion. He may resist or attack an unauthorized judgment or decree against him in any form that he may elect. * * *

" The defendant who makes default is not bound to watch the clerk's office, in order to see that the judgment entered against him by default does not exceed the demand or cause of action which he admitted by omitting to answer; and so far as the judgment in the foreclosure action exceeded the relief demanded in the complaint, it was, to that extent, without authority."

This case was cited with approval by the Appellate Division in the second department in *Mathot* v. *Triebel*, 102 App. Div. 426, 428.

The weight of authority, it seems to me, supports defendant's contention, and the motion should, therefore, be granted. Settle order on notice.

Ordered accordingly.