(No. 23638.— )
MARJORIE M. BORMAN, Appellee, *vs.* THOMAS L. BORMAN, Appellant.

*Opinion filed December 10, 1936.*

LOWITZ & LOWITZ, for appellant.

TOPLIFF & HORWEEN, (J. A. FARRELL, of counsel,) for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Marjorie M. Borman, on August 23, 1930, a resident of Multnomah county, Oregon, instituted in that county a suit against Thomas L. Borman, her husband, for dissolution of the marriage contract existing between them, on the ground of desertion, the custody of their minor child, a money judgment for support, and for other relief. Borman was personally served in the State of Oregon but failed to appear in court and was defaulted. A decree was entered reciting that the court had jurisdiction of the subject

matter and the parties, finding that the plaintiff was entitled to separate maintenance and $125 per month for her maintenance and support and for the support of the child, and an order was entered accordingly. The plaintiff thereafter filed in the circuit court of Cook county a petition based upon the suit in Oregon. The defendant was personally served with summons in Illinois. Before proceeding to a final adjudication in the circuit court of Cook county, on April 25, 1935, the plaintiff petitioned the judges of the circuit court of Multnomah county to find the amount or amounts of money then due the plaintiff from the defendant. The court found that the sum due the plaintiff was $2355 and entered judgment thereon. That judgment was never satisfied in the courts of Oregon. The plaintiff then amended and supplemented the petition filed in the circuit court of Cook county, setting up the proceedings in Oregon and praying judgment for $2355, interest and costs. A motion to strike the amended and supplemental petition was made and an answer was also filed. The answer admitted some of the allegations of the petition, denied others and challenged the jurisdiction of the Oregon court in the divorce proceeding to enter a decree of separate maintenance, which also included a provision for support money for the plaintiff and the child for an indefinite period of time, without regard to the pendency of the divorce proceedings. The amended answer was stricken and final judgment was entered on January 24, 1936, for $2355 and costs, which was the amount adjudged by the Oregon court to be due the plaintiff. The defendant elected to abide by the answer, and upon the entry of judgment prosecuted a direct appeal to this court on the ground that a constitutional question was involved.

Several questions are presented, but for the reasons hereafter stated none of them justifies a direct appeal to this court. While it is argued on behalf of the defendant that the Oregon decree was void and may be attacked collater-

ally in the courts of this State, the plaintiff's counsel argue that the decree is valid and should be recognized and enforced by the courts of this State under the "full faith and credit" clause of the constitution of the United States.

The prayer of the petition filed in the. Oregon court was for a dissolution of the marriage contract, but there was also a prayer for other relief. Some of the allegations of the petition were appropriate if contained in a petition for separate maintenance, though it also prayed for a dissolution of the marriage. It does not appear by the record or from the statutes of the State of Oregon which are cited, that the only remedy available to the plaintiff was one of divorce under the petition filed in that State. It appears that the court in which the petition was filed is a court of general jurisdiction and has jurisdiction to hear actions for divorce and separate maintenance. Jurisdiction of a court to hear and determine a cause does not depend upon actual facts alleged but upon authority to determine the existence or non-existence of such facts and render judgment according to such finding. (*People* v. *Sullivan,* 363 Ill. 34.) Even though the Oregon court exercised a special statutory power, it had jurisdiction, under proper pleadings, to award divorce or separate maintenance and it had jurisdiction of the parties. The record sufficiently shows these facts. Support money was awarded but it was not designated as alimony, and there was no final adjudication of divorce.

We do not pass upon the question of whether relief of the nature granted could have been awarded under the laws of Oregon under the pleading in that case. A decision on that question would require a construction of the laws of that State. The construction of statutes does not involve a constitutional question. (*Cooper* v. *Palais Royal Theater Co.* 320 Ill. 44; *Sheridan-Brompton Annex Building Corp.* v. *Daane,* 348 id. 306.) Questioning the validity of a judgment or decree does not necessarily raise a constitutional question. (*De La Cour* v. *De La Cour,* 363 Ill. 545; *Cooper*

v. *Palais Royal Theater Co. supra.*) It is only where the facts recited in the record of a judgment in another State show either a lack of jurisdiction of the subject matter or of the parties that a direct appeal from the circuit (or superior) court may be taken to this court. *Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 Ill. 99; *VanDyke* v. *Illinois Commercial Men's Ass'n,* 358 id. 458.

There being no constitutional question properly before this court, the cause will be transferred to the Appellate Court for the First District. *Cause transferred.*