JAMES THOMPSON *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa September 25, 1880.*

CRIMINAL LAW—*indictment for attempting to steal.* An indictment under section 273 of the Criminal Code for an attempt to steal the property of another, which simply states that the defendant attempted to steal, is not sufficient to sustain a conviction. To obtain a conviction under this section the people must prove acts done towards the perpetration of the offence, and not mere intention, and such acts being necessary to show the crime, they must be specifically averred.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. OWEN T. REEVES, Judge, presiding.

Messrs. TIPTON & RYAN, for the plaintiffs in error:

The indictment charges no offence under the statute, and therefore the conviction can not be sustained.

It merely charges that defendants did feloniously attempt feloniously to take, steal, etc. This is clearly insufficient. Something more than an attempt to commit a crime or misdemeanor is necessary to constitute an offence under the statute. Nothing short of an attempt to commit an offence, coupled with an overt, physical act done towards its consummation, is denounced by this statute.

The language employed excludes the presumption that the legislature intended that the word "attempt" should signify both the act and the intention with which the act is done, for it is required not only that there shall be an attempt to commit an offence, but also some act shall be done towards the commission of the offence,—therefore, the word "attempt" signifies intention only.

The meaning of the section may be accurately expressed by the insertion of the word "intends" for the word

"attempt," thus: "Whoever intends to commit an offence prohibited by law, and does some act towards it but fails," etc.

If this construction is correct, it necessarily follows that the indictment is fatally defective, for it wholly fails to charge any act done by the defendants, or either of them, towards the commission of the offence.

No more can be claimed for the indictment than that in charging the "attempt" it, in legal effect, charges defendants with an evil intent, but act and evil intent must combine to constitute crime. No amount of intention alone is sufficient; neither is any amount of act, alone. Bishop C. L. secs. 206 and 207.

Construing this section in *Cox v. The People*, 82 Ill. 193, this court said: "Whoever attempts to commit any offence prohibited by law and does any act towards it," must be construed, in cases like the present, to mean a physical act, as contra-distinguished from a verbal declaration,—that is, it must be a step taken towards the actual commission of the offence, and not a mere effort by persuasion to produce the conviction of mind essential to the commission of the offence. See, also, *Commonwealth v. Clark*, 6 Gratt. 675; *Randolph v. Cone*, 6 Serg. & R. 398; *Regan v. Meredith*, 8 Car. & Payne, 589; *State v. Wilson*, 30 Conn. 500; *Lovett v. State*, 19 Tex. 174; Bishop's Crim. Prac. sec. 566; 3 Cox C. C. 570; Temp. & M. 192; Train & Hurd's Prac. 52; Wharton's Prac. (2d ed.), 719.

What is not necessary to be charged in an indictment need not be proved. *Cowen et al. v. The People*, 14 Ill. 348; *The People v. Wilbur*, 4 Parker's Cr. Rep. 20; Archbold's Cr. Pl. 38–48; Chitty's Cr. L. 171, 173, 281, 289.

Mr. JAMES K. EDSALL, Attorney General, for the People:

While the indictment may have been subject to the objection urged against it at common law, it is sufficient under the statute. 2 Wharton's Crim. Law, sec. 2704.

The offence was not only stated in the language of the

statute, but "so plainly that the nature of the offence may be easily understood by the jury." Rev. Stat. p. 412, sec. 408; Criminal Code, sec. 408.

In the cases cited by counsel for plaintiffs in error, no such statute appears to have been involved.

The charge that the prisoners "feloniously attempted" to commit the larceny, necessarily carries with it the charge that they did some act to carry out such design.

An *attempt* to commit a crime means something more than an *intention* to do so.

The indictment could not be sustained by proof without showing some act done on the part of the prisoners toward effecting the larceny.

Per CURIAM: Plaintiffs in error were indicted in the McLean circuit court for an attempt to commit larceny of a number of treasury warrants and some small silver coins. The section under which the indictment was found is the 273d of the Criminal Code, and reads: "Whoever attempts to commit any offence prohibited by law, and does any act towards it, but fails, or is intercepted or prevented in its execution, where no express provision is made by law for the punishment of such attempt, shall be punished," etc. The indictment, after describing the property, alleged the attempt was made to steal "the goods and chattels of Aaron Mooney, then and there being found, did feloniously attempt feloniously to take, steal and carry away," etc.

A motion to quash the indictment was made, but was overruled by the court. A plea of not guility was then entered, and a trial thereon had by the court and a jury, resulting in a verdict of guilty, and fixing the confinement of defendants in the penitentiary at eighteen months. A motion for a new trial and in arrest of judgment was interposed, but was overruled, and judgment rendered on the verdict, and the defendants prosecute error and urge a reversal.

It is insisted that this indictment is insufficient to sustain the

conviction; that it is substantially defective; that something more than an attempt to commit the crime should have been averred; that the law required not only an averment of an attempt, but " nothing short of an attempt to commit an offence, coupled with an overt physical act done towards its consummation." The majority of the court regard the objection well taken.

The language of the statute will not bear the construction that no more need be charged than the mere attempt. The word "attempt," from its connection in this section, seems to imply that it was used in the stead of "intends," to commit an offence. If this be so, then it is apparent that the statute requires something more than the mere intent, to constitute the crime. It manifestly requires that there should be a purpose to do so, and some act done to perpetrate the offence before the crime is complete. The subsequent words are connected with the word "attempt" by a copulative conjunction, thus rendering it indispensable to the crime that some act should be done towards accomplishing the intention, to constitute guilt. If this be so, and of its correctness we entertain no doubt, then to obtain a conviction, the People would be required to prove acts done towards the perpetration of the offence, and not a mere intention. Such acts being necessary to show the crime charged, they should be specifically averred. This is necessary, according to the rules of correct pleading, and to give the accused notice of what he is required to meet on the trial.

If the averment of a mere attempt was all that is required, accused could never know what acts would be relied on to prove the attempt, and would be liable to surprise. We are, therefore, clearly of opinion that the acts done by accused towards the commission of the crime of larceny should have been specifically averred, and for the want of such an averment, the indictment was bad and should have been quashed. Nor is the charge made in the language of the statute.

11—96 ILL.

The case of *Cox v. The People*, 82 Ill. 191, sustains this interpretation of this section. That case holds that under this section, to convict of an attempt to commit the crime of incest, mere solicitations do not prove the attempt, but there must be physical acts done by the accused before the crime is complete. So here, there should have been some physical act or acts averred and proved to constitute the attempt under the statute.

The court having erred in overruling the motion to quash the indictment, the judgment is reversed and the cause remanded.

*Judgment reversed.*