## CHARLES W. THOMAS *et al.*

### *v.*

### THE PEOPLE, for use of John Joiner.

*Filed at Mt. Vernon May 7, 1883.—Rehearing denied November Term, 1883.*

1. ADMINISTRATION—*on live man's estate, null and void.* A grant of administration on the estate of a person who is living, together with all acts done under such grant, is absolutely null and void. The only jurisdiction the county court has in respect to the administration of estates, is over the estate of deceased persons.

2. In this case moneys which were the proceeds of a sale in partition came to the hands of the master in chancery. Prior to that time, one of the parties in interest had absented himself from his home, and not having been heard from by his relatives or acquaintances for more than seven years, administration was granted on his estate, on the hypothesis he was dead. The master in chancery thereupon paid over to the administrator the portion of the money belonging to his supposed intestate. It turned out that the person supposed to be dead was still alive, and it was *held*, he was entitled to recover from the master the money which had come to his hands, and which he had improperly paid over under the void grant of administration.

3. JURISDICTION—*must be founded on law, not on pleadings alone.* Jurisdiction, in the general and most appropriate sense of that term, as applied to the subject matter of a suit, is always conferred by law, and it is a fatal error to suppose the power to decide in any case rests solely upon the averments in a pleading. While the court must be called upon to act and decide by a party before it can proceed, yet behind this, power must be conferred by law to act in a real case of the character of the one supposed by the pleading or complaint.

4. JUDGMENT—*binds parties only.* The general rule is, that no one is bound by an adjudication in a suit of which he had no notice, or to which he was not a party.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. CHARLES W. THOMAS, for the appellants:

The probate court had authority to hear evidence and determine whether the facts alleged in an application for the appointment of an administrator were true or untrue,

(Gross' Stat. 1871, p. 808, sec. 71,) and having such power, its decision upon such an application can not be attacked collaterally.  *Roderigas* v. *East River Savings Institution*, 63 N. Y. 460; *Wight* v. *Wallbaum*, 39 Ill. 563.

In no case cited by appellee was there any statute conferring discretionary power upon the probate court.  The statutes in those cases made the fact of death jurisdictional, and the principle of those cases was denied by this court in *Wight* v. *Wallbaum, supra.*  But in this State the law is established, by a long and unbroken line of decisions, that in proceedings like this, jurisdiction does not depend upon the existence or non-existence of any particular fact alleged in the application, but the making of the application gives the court jurisdiction to investigate and decide.  *Young* v. *Lorain*, 11 Ill. 624; *Fitzgibbon* v. *Lake*, 29 id. 165; *Stow* v. *Kimble*, 28 id. 93; *Mulford* v. *Stalzenbach*, 46 id. 303; *Hobson* v. *Ewan*, 62 id. 146; *Chicago, Burlington and Quincy R. R. Co.* v. *Chamberlain*, 84 id. 333; *Galena and Chicago Union R. R. Co.* v. *Pound*, 22 id. 399; *Dodge* v. *Cole*, 97 id. 338.  And a decision once made by a court, which is duly set in motion, can not be attacked collaterally, no matter how absurd it may be. It may disregard, misconstrue, and even disobey, the plain provision of the law, but it must nevertheless stand unimpeached in every collateral inquiry.  *Young* v. *Lorain*, 11 Ill. 624; *Grignon's Lessee* v. *Astor*, 2 How. 319.

The appointment of an administrator is in the nature of a proceeding *in rem*, (Freeman on Judgments, sec. 607,) and in such proceedings the court acquires jurisdiction in a manner different from that in which jurisdiction is acquired in proceedings *in personam.*  *Grignon's Lessee* v. *Astor*, 2 How. 319.

In Illinois the presumption of life ceases at the end of seven years from the time one was last heard from, and the presumption of death takes its place.  This presumption of death is a presumption of law, and one upon which courts

may act.    (*Whiting* v. *Nicholl,* 46 Ill. 230.)    And under this decision the presumption is not mere evidence,—it is a presumption of law such as is defined by Best in his work on Evidence, sec. 304.

Public policy and necessity require that rights depending upon the death of persons long absent and not heard from, should be settled by some definite rule, regardless, to some extent, of private rights.    *Whiting* v. *Nicholl,* 46 Ill. 230 ; Freeman on Judgments, sec. 607.

Messrs. WILDERMAN & HAMILL, and Mr. HENRY M. NEEDLES, for the appellee :

No power or jurisdiction is committed by law to the probate court to grant administration upon the estate of a living person, and such administration is void.    Const. 1870, art. 6, sec. 18 ; *Griffith* v. *Frazier,* 8 Cranch, 9 ; *Jochumsen* v. *Suffolk Bank,* 3 Allen, 87 ; *Melia* v. *Simmons,* 45 Wis. 334 ; *D'Arusment* v. *Jones,* 4 Lea, 251 ; *Devlin* v. *Commonwealth;* 14 Pa. 795 ; *Stephenson* v. *Superior Court,* 15 Cal. 140 ; *Roderigas* v. *East River Savings Institution,* 76 N. Y. 316 ; *Lavin* v. *Emigrant Industrial Savings Bank,* 9 U. S. 541 ; *McPherson* v. *Cunleff,* 11 S. & R. 422 ; *Allen* v. *Dundas,* 3 Term Rep. 123 ; *Appeal of Peebles,* 15 S. & R. 42 ; *Bolton* v. *Jacks,* 6 Rob. 190 ; *Duncan* v. *Stewart,* 25 Ala. 408 ; *Morgan* v. *Dodge,* 44 N. H. 259 ; *Fisk* v. *Norval,* 9 Texas, 18 ; *Wales* v. *Willard,* 2 Mass. 120 ; Freeman on Judgments, (3d ed.) sec. 319 a.

If the appointment of an administrator is a proceeding *in rem,* or in the nature of a proceeding *in rem,* the jurisdictional fact of death must actually exist, or the jurisdiction fails and the proceeding is void.    *Munroe* v. *The People,* 102 Ill. 406 ; *Thompson* v. *Whitman,* 18 Wall. 457 ; *Rose* v. *Himely,* 4 Cranch, 241 ; *Wheelwright* v. *Depeyster,* 1 Johns. 471 ; *D'Arusment* v. *Jones,* 4 Lea, 251 ; Freeman on Judgments, (3d ed.) sec. 319 a.

A person, while a citizen and resident of one State, went into another State and instituted proceedings for a divorce, and the record showed the existence of the jurisdictional fact of residence in the State of the forum; but it was held, the actual fact being shown by evidence *aliunde* that such person was never a resident of the State where the decree was rendered, that the decree was void, and not entitled to "faith and credit." *Sewall* v. *Sewall*, 122 Mass. 156; *The People* v. *Dawell*, 25 Mich. 247; *Hoffman* v. *Hoffman*, 46 N. Y. 30; *Hood* v. *The State*, 56 Ind. 263; *Gettys* v. *Gettys*, 3 Lea, 260.

Where a court or judicial officer assumes to hear and determine a matter not committed to it or him by the law, the proceeding is void. *Munroe* v. *The People*, 102 Ill. 406; *Griffith* v. *Frazier*, 8 Cranch, 23; *Stephenson* v. *Superior Court*, 15 Rep. 140; *Melia* v. *Simmons*, 45 Wis. 334.

It is axiomatic in American jurisprudence that there can not be a *de facto* officer unless there be a *de jure* office,—in other words, there can not be such a thing as a *de facto* office. *Hildreth* v. *McIntire*, 1 J. J. Marsh. 206; *Stephens* v. *The People*, 89 Ill. 337; 5 Wait's Actions and Defences, 7.

It results, that even if the rule as to *de facto* officers applies to administrators, unless Joiner was dead there was no estate to administer, and if there was no estate to administer there could not be an administrator, *de facto* or *de jure*. *Roderigas* v. *East River Savings Institution*, 76 N. Y. 316; *Allen* v. *Dundas*, 3 Term Rep. 123; *Griffith* v. *Frazier*, 8 Cranch, 9; *Munroe* v. *The People*, 102 Ill. 406.

To so construe the statute cited by appellants as to render the granting of letters of administration upon the estate of a living person binding upon such person, is to render it unconstitutional. Const. 1870, art. 6, sec. 18; *Lavin* v. *Emigrant Industrial Savings Bank*, 9 U. S. 541; *Gilmore* v. *Sapp*, 100 Ill. 297; *Campbell* v. *Campbell*, 63 id. 462.

Mr. Justice Mulkey delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the Fourth District, affirming a judgment of the circuit court of St. Clair county for the sum of $703.87, in favor of the People of the State of Illinois, for the use of John Joiner, and against Charles W. Thomas, the appellant, and others, on his official bond as late master in chancery of St. Clair county.

It appears that after the execution of the bond sued on, and during his term of office, there came into Thomas' hands, as such master, certain moneys, being the proceeds of a sale of real estate made by him in a partition proceeding, $703.87 of which belonged to the said Joiner, and for which the recovery in this suit was had. Long before the partition proceedings, however, Joiner had left his home and people in St. Clair county, and his whereabouts was to them, and all his former acquaintances, wholly unknown. Not having been heard of by any of his relations or acquaintances for more than seven years, his brother, Daniel Joiner, acting upon the hypothesis he was dead, applied to and obtained from the county court of St. Clair county letters of administration on his estate. After administration had been thus granted on John's estate upon the hypothesis that he was dead, the said Charles W. Thomas, upon formal demand by Daniel Joiner, paid to him, as the administrator of John, the latter's share in the proceeds of the partition sale. John subsequently, however, turned up alive, and on Thomas' refusal to pay the claim a second time, instituted the present action, with the results already stated.

The foregoing facts are specially pleaded as a defence to the action, and the question for determination is, are they sufficient for that purpose. While the question has never before, so far as we are advised, been directly presented to this court, yet it is by no means a new one. It has frequently

been mooted before the courts of this country and of England, though actual decisions directly upon the question are not very numerous. Judging from the cases where the point has come directly in judgment, as well as from judicial dicta and expressions of opinion to be found in the standard text-books, there has been but little diversity of opinion upon the question. The general doctrine on the subject undoubtedly is, that a grant of administration on a live man's estate, together with all acts done under such a grant, is absolutely null and void. *Allen* v. *Dundos*, 3 T. R. 125; Freeman on Judgments, (3d ed.) sec. 319 a; *Jochumsen* v. *Suffolk Savings Bank*, 3 Allen, 87; *D'Arusment* v. *Jones*, 4 Lea, 251, 40 Am. Rep. 12; *Stephenson* v. *Superior Court*, 15 Rep. (Col.) 140; *Melia* v. *Simmons*, 45 Wis. 334, 30 Am. Rep. 746; *Griffith* v. *Frazier*, 8 Cranch, 23.

It is said by Freeman, in discussing the question, in his work on Judgments, above cited: "The decrees and orders of a probate or surrogate's court, made in the exercise of jurisdiction conferred upon it by law, are as final and conclusive as the judgments, decrees or orders of any other court. The character and finality of *res judicata* attach to the decisions made in probate or surrogate's courts, irrespective of the nature of the issue determined, provided, always, that the court had jurisdiction to determine it. Hence, whether the adjudication be for or against the validity of a will, for or against granting letters of administration, allowing or disallowing an account, granting or refusing to grant a homestead, it is in either case a final settlement of the matter of which it assumes to dispose, and it can not be collaterally attacked, impeached or avoided in the same or in any other court by any of the parties thereto, nor by any person in privity with them. It is, however, as in other cases, essential that the parties to be affected be brought within the jurisdiction of the court by the service of notice prescribed by law, and that the court have jurisdiction over the subject

matter. The question occasionally arises whether the grant of letters testamentary or of administration on the estate of a person in fact living, but supposed to be dead, is an act beyond the jurisdiction of the court, and therefore so utterly void that no person is protected in dealing with the executor or administrator while his letters remain unrevoked. The weight of authority is very decidedly to the effect that the decease of the supposed decedent is a prerequisite to the jurisdiction of the court, and that he is wholly unaffected by the proceedings for the settlement of his estate,—the only adjudication, so far as we are aware, in conflict with the rule here stated, having been rendered by the Court of Appeals of the State of New York." We fully concur in this general statement of the author on the subject.

In line with the doctrine here announced it is said in *Melia* v. *Simmons, supra:* "The proceedings of administration, settlement and assignment of the estate of the respondent, represented to have been dead when he was and still is alive, are absolutely null and void, for all purposes whatsoever. * * * The county court of Dodge county, or any other court, has no jurisdiction in this particular case or in such a class of cases. There is no class of cases which embraces the administration of the estates of living persons as if they were dead. The proceedings are void *ab initio* and throughout. If this case falls within any class of cases, it is a class in which no court has any right to deliberate or render any judgment, and in which every conceivable act is an absolute nullity. The only jurisdiction the county court has in respect to the administration of estates, is over the estates of *dead* persons. It would seem that the bare statement of such a proposition is enough, without citing authorities."

The only case we have been able to find, or to which our attention has been called, holding a contrary doctrine, is that of *Roderigos* v. *East River Savings Institution*, 63 N. Y. 460,

(referred to by Freeman in the above citation,) which was decided by a divided court of three to four, and has since been the subject of much adverse criticism. (10 Am. Law Reg. 787; 15 id. 212.) The case, it is true, is placed upon the peculiar provisions of the New York statutes, but we confess we see nothing in them that seems to warrant the conclusions drawn from them. Moreover, we regard the authority of that case as a precedent, even in New York, much shaken by the reasoning of the New York Court of Appeals in the same case, when before it on a subsequent occasion. The case as last reported will be found in 76 N. Y. 316.

It must be conceded that if the probate court had authority to act at all in the particular case before it, then its adjudication, like that of any other court, became binding and conclusive upon all parties to the proceeding, until reversed or otherwise set aside. The real question therefore is, whether the court had any authority to act at all. The contention of appellant is, "that the jurisdiction of the probate court did not depend upon the death of Joiner, but upon the fact that that court was set in motion by the application for an administrator, and having been so set in motion, its jurisdiction to investigate and decide was complete, and its decision can not be collaterally attacked as to anything the court was called upon to decide." This proposition, in the light of the facts as confessed upon the record before us, we regard as fundamentally erroneous. Jurisdiction, in the general and most appropriate sense of that term, as applied to the subject matter of a suit at law or in equity, is always conferred by law, and it is a fatal error to suppose the power to decide in any case rests solely upon the averments in a pleading. It is true that a court is not permitted, on its own motion, to institute a suit between the parties to a controversy. As claimed by appellant, there must be a properly framed complaint or other pleading showing a cause of action within the

jurisdiction of the court, before it can lawfully proceed to adjudicate.   But behind all this there must be power in the court, conferred by law, to act in a real case of the character of the one supposed by the · pleading or complaint, and if there is not, the whole proceeding, and all acts done under it, will be inoperative and void.

The position of appellant is well met by the case of *Griffith* v. *Frazier, supra,* where the question in hand came under consideration.   Chief Justice MARSHALL, speaking for the court, said in that case :  "To give the ordinary jurisdiction, a case in which, by law, letters of administration may issue, must be brought before him.   In the common case of intestacy it is clear that letters of administration must be granted to some person by the ordinary; and though they should be granted to one not entitled by law, still the act is binding until annulled by the competent authority, because he had power to grant letters of administration in the case.   But suppose administration to be granted on the estate of a person not really dead ?   The act, all will admit, is totally void.  Yet the ordinary must always inquire and decide whether the person whose estate is to be committed to the care of others be dead or in life.   It is a branch of every cause in which letters of administration issue.   Yet the decision of the ordinary that the person on whose estate he acts is dead, if the fact be otherwise, does not invest the person he may appoint with the character or powers of an administrator.   The case, in truth, was not one within his jurisdiction.   It was not one in which he had a right to deliberate,—it was not one committed to him by the law; and although one of the points occurs in all cases proper for his tribunal, yet that point can not bring the subject within his jurisdiction."

The general proposition that under our system of government no one can be deprived of his life, liberty or property without due process of law, is not denied or questioned, and as John Joiner was in no sense a party to the proceeding

before the probate court when letters on his estate were granted, on what principle can he be said to be bound by the action of the court in making the grant? The general rule unquestionably is, that no one is bound by an adjudication of which he had no notice or to which he was not a party. Testing the present case by this rule, appellee is clearly not bound.

But it is said the grant of letters upon an estate is in the nature of a proceeding *in rem*, and therefore the case in hand does not come within the rule mentioned,—that the proceeding being against the estate itself, those having an interest in it must look out for themselves. Conceding this to be so, what follows? Are we to conclude because the law confers power upon the probate court to grant administration on a dead man's estate, upon a mere *ex parte* petition, that it therefore follows the court may lawfully make such grant upon a live man's estate, and that even without giving him an opportunity to be heard? By the 18th section of article 6, of the present constitution, in defining the probate jurisdiction of county courts, it is declared: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate and *settlement of estates of deceased persons,*" etc. Thus the county court, as a court of probate, is expressly clothed with power to settle estates of "*deceased persons,*" and this, according to a familiar rule of construction, by implication forbids the exercise of such power over the estates of *live persons.*

Regarding, then, the administration of a dead man's estate as a proceeding *in rem*, and looking to the constitutional limitation of the court's power in such cases, what is the first essential condition to the exercise of this power? Manifestly the existence of a *dead person's* estate, for the court has no power to grant administration on any other kind of an estate, and any attempt to do so will necessarily be inoperative and void. In every proceeding *in rem*, and in every case in the

nature of a proceeding *in rem*, there is some great central controlling fact upon which the jurisdiction or power in the court to act at all depends, and such fact must have an actual existence, otherwise the jurisdiction will fail. (*Thompson* v. *Whitman*, 18 Wall. 457; *Wheelwright* v. *Depeyster*, 1 Johns. 471; *Rose* v. *Hunsly*, 4 Cranch, 269.) In the case last cited it is said by Chief Justice Marshall, speaking for the court: "Upon principle it would seem that the operation of every judgment must depend on the power of the court to render that judgment,—or, in other words, on its jurisdiction over the subject matter which it has determined. In some cases that jurisdiction unquestionably depends as well on the state of the thing as the constitution of the court. If, by any means whatever, a prize court should be induced to condemn, as prize of war, a vessel which was never captured, it could not be contended that this condemnation operated a change of property." With equal propriety it may be said, if by any means a probate court should grant letters of administration upon the estate of one still living, the title of the owner of such estate could not thereby be affected. The great central fact in this class of cases, as we have already seen, is the existence of a decedent's estate subject to administration and distribution by the probate court of the proper county. It is confessed, upon the record before us, that in the present case the owner of the estate in question at the time of the grant of letters was, and still is, alive. It follows, therefore, the grant was unauthorized and void.

The cases of *Wight* v. *Wallbaum*, 39 Ill. 563, *Dodge* v. *Cole*, 97 id. 338, and other cases cited by appellant, are supposed to be inconsistent with the view here taken. We do not think so. In the *Wight case* there was no defect of jurisdiction. There was present the *estate of a dead man* to be administered. This *actual* fact authorized the court to proceed, and a mere irregularity in the proceeding could not, as

was held in that case, be taken advantage of in a collateral proceeding. So in the *Dodge case,* there was an insane person to be cared for and protected by a court of chancery. That was the great central fact in that case upon which the jurisdiction of the court depended. If, in that case, there had been no insane person, and such fact had been admitted upon the record, as is here, then that and the present case would be in principle alike; but such is not the fact. Take the common case of a proceeding in admiralty to enforce maritime liens against a ship or other water craft. Unquestionably before the court could lawfully proceed there would have to exist, as a fact, a ship, or other maritime vessel, subject to the order and adjudication of the court, otherwise it would have no power to act at all. Suppose, in a case of that kind, the liens sought to be enforced were, in point of fact, on a private residence situated upon dry land, and the court should nevertheless, after hearing the case, go on and order a sale of the premises, would the owner's title to the property be thereby divested? Surely not. And why so? Simply because the court had no power or jurisdiction to act at all in that kind of case.

All persons are presumed to know the law, and hence, in theory at least, there can be no great hardship in holding that every one acts at his peril in dealing with an administrator who has been appointed upon a mere presumption that his supposed intestate is dead. Every one dealing with an administrator thus appointed is conclusively presumed to know, if the supposed intestate should subsequently turn up alive, the grant of administration, and all acts done under it, would be absolutely void.

The judgment will be affirmed.

*Judgment affirmed.*