THE PEOPLE ex rel. Harry Melton, Petitioner, vs. JOHN
L. WHITMAN, Superintendent of the House of Cor-
rection.

*Announced orally February 16, 1910.*

1. LARCENY—*when information charges grand larceny.* An in-
formation charging the larceny of certain described United States
treasury notes, National Bank notes, bank bills and current coins
of the United States, which aggregate in value, according to the
specific description and allegations of value in the information,
more than $15, charges grand larceny, notwithstanding the infor-
mation concludes with the statement that all of said money and
property is of the value of $15.

2. SAME—*when municipal court is without jurisdiction to try
defendant for larceny.* Where an information charging larceny of
money shows on its face, from the description of the money and
the allegations as to its value, that the offense charged is grand
larceny, the municipal court of Chicago is without jurisdiction to
try the defendant for petit larceny on such information.

3. HABEAS CORPUS—*writ will lie if court had no jurisdiction of
subject matter.* Where a court has jurisdiction to try the offense
charged and of the person of the accused, *habeas corpus* will not
lie, after conviction, to determine whether errors occurred in the
exercise of such jurisdiction, but if the court has no jurisdiction
to try the offense its judgment is void and *habeas corpus* will lie
to release the prisoner from his unlawful detention.

ORIGINAL petition for *habeas corpus.*

CHARLES E. ERBSTEIN, for petitioner.

W. H. STEAD, Attorney General, and JOHN E. W. WAY-
MAN, State's Attorney, (THOMAS MARSHALL, VICTOR P.
ARNOLD, and F. L. BARNETT, of counsel,) for respondent.

Mr. CHIEF JUSTICE FARMER announced the opinion of
the court:

At a former day of this term a writ of *habeas corpus*
was issued upon the petition of the relator. The petition
alleged that the relator was unlawfully detained and im-
prisoned in the House of Correction in the city of Chicago

by the respondent, John L. Whitman, who is superintendent and keeper of said House of Correction. The relator was tried and convicted in the municipal court of the city of Chicago on an information charging him with the larceny of money. Relator pleaded not guilty to the charge, was tried by a jury and a verdict of guilty returned finding the value of the property stolen to be $15. Judgment was rendered on the verdict and the relator sentenced to the House of Correction for one year and to pay a fine of $25 and the costs of prosecution. Pursuant to said judgment he was committed to the House of Correction, where he is now detained.

While other grounds are urged in support of relator's alleged right to a discharge, the only one necessary to be noticed in the decision of this case is the want of jurisdiction of the municipal court, on the ground that the information charged relator with grand larceny,—an offense of which the municipal court has no jurisdiction and one upon which the prosecution must be by indictment by grand jury and not upon information. The information charges relator with the larceny of one United States treasury note of the denomination of $10, of the value of $10; sundry United States treasury notes of the denomination of $5 each, of the value of $10; sundry United States treasury notes of the denomination of $2 each, of the value of $4; sundry National Bank notes of divers denominations, of the amount and value, in all, of $1. The information further charges relator with the larceny of sundry current bank bills, commonly called "greenbacks;" sundry pieces of gold current coin of the United States of divers denominations; sundry pieces of silver, current coin of the United States, of divers denominations, and sundry nickel, copper and bronze current coins of the United States, of divers denominations. There is no allegation of the separate amount and value of the greenbacks, the gold coin, the silver coin or the nickel and copper coins, but, follow-

ing, the allegation of the larceny of them by the relator, the information concludes with the allegation, "of the value, in all, of $15,—all of said money and property of the value of $15." 

While the information concludes with the allegation that the value of the property alleged to have been stolen was $15, this allegation is inconsistent with and repugnant to the other allegations. The allegation that the relator stole a United States treasury note of the denomination and value of $10; sundry United States treasury notes of the denomination of $5 each, of the value of $10; sundry United States treasury notes of the denomination of $2 each, of the value of $4; sundry National Bank bills of denominations unknown, of the value of $1; and green-backs, gold, silver, nickel and copper coins of the United States, of the value, in all, of $15, is a clear and definite charge of the larceny of $40 in money, and cannot be reduced to petit larceny by the allegation that said sum of money was of the value of only $15. It is equivalent to saying that one ten-dollar treasury note, two five-dollar treasury notes, two two-dollar treasury notes, a one-dollar National Bank bill and $15 in greenbacks, gold, silver, nickel and copper coins, make a total of $15. The information charged an offense, therefore, of which the municipal court had no jurisdiction.

It was insisted on the argument that the question could not be raised by *habeas corpus* but should be raised upon a writ of error. Where a court has jurisdiction of a criminal offense and of the accused, *habeas corpus* will not lie after conviction for the purpose of determining whether errors occurred in the exercise of its jurisdiction, but where, as is the case here, the court had no jurisdiction of the subject matter, its judgment is void and the commitment and detention of relator is without authority of law. The relator is therefore discharged.     *Relator discharged.*