DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1925.

---

## The People of the State of Illinois, Defendant in Error, v. Max Hoffman, Plaintiff in Error.

### Gen. No. 28,764.

**1.** LARCENY—*jurisdiction of municipal court of Chicago of larceny from the person.* Cahill's Ill. St. 1923, ch. 38, ¶ 382, makes stealing from the person a felony punishable by imprisonment in the penitentiary, regardless of the amount stolen and the municipal court of Chicago has no jurisdiction of such offense.

**2.** LARCENY—*information charging "picking pocket" as charge of larceny from the person.* An information charging larceny "by picking pocket" charges stealing from the person of another.

**3.** CRIMES AND PUNISHMENT—*place of imprisonment for larceny from the person.* In Cahill's Ill. St. ch. 38, ¶ 382, providing that a person convicted of larceny from the person "shall be imprisoned in the penitentiary" the word "shall" is mandatory and the person convicted may not be imprisoned in the House of Correction of Chicago.

Error by defendant to the Municipal Court of Chicago; the Hon. HOWARD W. HAYES, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed January 26, 1925.

(1)

JAMES F. FARDY, for plaintiff in error.

ROBERT E. CROWE, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

Defendant was charged and found guilty in the municipal court of Chicago of stealing money by pickpocketing, sentenced to imprisonment in the House of Correction of Chicago for a term of six months, and fined one dollar and costs.

A reversal is asked upon the ground, among others, that the municipal court had no jurisdiction to try defendant for the crime charged.

The information filed charged that defendant "did unlawfully steal, take and carry away by picking pocket fifteen dollars in U. S. currency, the property of * * * H. N. Kirk, etc." By amendment in 1921 the statute in regard to the punishment for larceny was amended to read as follows:

"Every person convicted of larceny if the property stolen exceeds the value of $15, or if the property is stolen from the person of another, shall be imprisoned in the penitentiary not less than one nor more than ten years; if the property stolen has not been stolen from the person of another and is of the value of $15, or less, the person convicted shall be confined in the county jail, or sentenced to labor in the workhouse of the county, city or town, where the conviction is had." Cahill's Ill. St. 1923, ch. 38, ¶ 382.

By this amendment stealing from the person of another, regardless of the amount, was made a felony punishable by imprisonment in the penitentiary; and the municipal court does not have jurisdiction of felonies. This amendment was so construed in *People v. Harris,* 302 Ill. 590, where the defendant, although proved guilty of petit larceny, was sentenced to the penitentiary, and the court said: "He might have

been indicted and convicted under the amendment of 1921 making larceny from the person punishable by imprisonment in the penitentiary." And in *People v. Whitman,* 243 Ill. 471, it was held that an information charging the offence of larceny of an amount more than $15, charged an offence of which the prosecution must be by indictment by the grand jury, and therefore an offence of which the municipal court had no jurisdiction.

It is suggested that the information charged defendant with stealing "by picking pocket" and does not necessarily charge that there was larceny from the person, for these words might imply that the money was taken from the pocket of clothes not worn by a person at the time. The words, "picking pocket," universally describe taking something from a pocket of clothes while on a person.

Construing, as we must, the information most strongly in favor of defendant, we hold that the information clearly charges stealing from the person of another.

Furthermore, the evidence without dispute shows that the complaining witness' money was taken from his person while riding in a street car.

It is true, as suggested by counsel for the State, that the amendment with reference to stealing from the person does not make such larceny a distinct and separate offense. It is still larceny, just as it is larceny whether the property stolen is less or more than $15 in value, but under our criminal code one may be proceeded against in the municipal court by information; the other must be by indictment by a grand jury. That is the case here, and when the State proceeded against defendant for the crime of stealing by picking the pocket of another, the defendant should have been charged by indictment in the criminal court.

We cannot agree with the contention that the word

"shall" used in the statute in question may be construed as permissive as if the word were "may." It was the evident intention of the legislature that if the property stolen exceeded the value of $15 or was stolen from the person of another, the convicted person should be imprisoned in the penitentiary and the word "shall" was used as mandatory.

For the reason that the municipal court had no jurisdiction to prosecute the defendant for the crime charged in the information, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

MATCHETT and JOHNSTON, JJ., concur.