THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ABE BERMAN, Plaintiff in Error.

*Opinion filed April 24, 1925.*

1. CRIMINAL LAW—*what questions are improper in examination of juror.* It is not proper in examining a juror to ask whether he is a member of the Ku Klux Klan and whether he had taken the oath of said organization, where no representation is made to the court as to the pertinency of the questions and nothing is in the record to show that they are material. (*People* v. *Kroll,* 315 Ill. 115, followed.)

2. SAME—*juror is not required to be ignorant of the case.* It is the right of every man accused of crime to have a fair and impartial trial before a fair and impartial jury, but that does not mean that he is entitled to be tried by jurors who had never heard or read of his case or formed a passing opinion as to his guilt or innocence.

3. SAME—*passing opinion does not render juror incompetent.* The fact that a juror, in reading of the case, had formed an opinion based on what he had read or heard will not render him incompetent or subject him to challenge for cause, where he affirms that he is able to lay aside such opinion and decide the case purely upon the evidence introduced and that he will put such opinion aside and start in the trial with the presumption of innocence.

4. PROHIBITION—*when indictment or information is sufficient.* While an indictment or information under the Prohibition act must contain allegations sufficient to show that the possession of the intoxicating liquor complained of was unlawful and prohibited, it need not specifically negative the exact words of the statute or be couched in the exact terms of the statute, but it is sufficient if it shall by the use of any apt words show that the possession of the liquor was unlawful and prohibited by law.

5. SAME—*when indictment is not sufficient to charge violation of statute.* A count in an indictment is not sufficient to charge a violation of the Prohibition act where it alleges that the defendant, not being authorized to possess intoxicating liquor in the manner provided by the act, did then and there possess intoxicating liquor "with the intent to use the same in violation" of the act, as such allegation is in the nature of a conclusion and is not a sufficiently definite averment for an indictment.

WRIT OF ERROR to the Circuit Court of Boone county; the Hon. EARL D. REYNOLDS, Judge, presiding.

FISHER, NORTH, LINSCOTT & GIBBONEY, (C. H. LIN-SCOTT, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, F. A. OAK-LEY, State's Attorney, and GEORGE C. DIXON, (FRANK R. EAGLETON, of counsel,) for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiff in error, Abe Berman, was indicted, tried, convicted and sentenced in the circuit court of Boone county for an alleged second offense under the Illinois Prohibition law, and the case is now before this court upon writ of error.

Upon the examination of prospective jurors, counsel for plaintiff in error inquired of one of the jurors if he belonged to an organization known as the Ku Klux Klan. An objection to this question made by the State's attorney was sustained. The same juror was then asked if he had taken an oath as a member of that organization. A similar objection was made and sustained, and these rulings of the court are assigned as error. This question was fully discussed in *People* v. *Kroll,* 315 Ill. 115, and what was there said applies with equal force to this case. At the time these questions were asked no representation was made to the court as to the pertinency of the questions, and there is nothing in the record to show their materiality.

Upon his examination the twelfth juryman sworn to try the case, after plaintiff in error had exhausted his peremptory challenges, stated that he had an opinion in the case which it would require evidence to remove. He was then challenged for cause. Upon further examination he stated that he did not have a fixed opinion on the guilt or innocence of the accused; that it was a passing opinion; that it could be removed and he would enter upon the case with

a feeling of presumption of innocence notwithstanding what he had learned; that he would certainly do so; that he could lay aside everything which he had learned or heard and decide the case purely upon what he heard upon the witness stand; that he would do that; that what he had read would not bias him at the start of the case; that he thought it was quite natural for anyone reading a case of any kind to form an opinion; that it was so with him; that the defendant would not have to come in and prove his innocence; that he (the juror) would have to dispel from his mind the opinion he gained from reading an account of the case; that it was simply a press report; that he would not carry that opinion into the jury box when the case began; that he felt perfectly capable of putting aside at the beginning of the case any opinion that he had formed from reading; that he would not care to serve as a juror if he could not do that; that he realized that it would not be right; that he would absolutely put the opinion aside and start in the trial with the presumption of innocence.

It is the right of every man accused of crime to have a fair and impartial trial before a fair and impartial jury, but that does not mean that he is entitled to be tried by jurors who had never heard or read of his case or formed a passing opinion as to his guilt or innocence. If that were the rule in these times, when every occurrence of more than passing moment is exploited in the newspapers, no man of ordinary intelligence would be qualified to sit as a juror. The most common criticism of our jury system is with reference to the intelligence of the jurors. This may be accounted for by the fact that so many intelligent citizens seek to evade their duty as citizens by presenting excuses when called upon to serve as jurors, and many others, when examined upon their *voir dire,* through a lack of comprehension of their duties as jurors or from pride of opinion refuse to express a willingness to lay aside from their minds an opinion based solely upon street rumor or newspaper re-

ports and decide the case solely under the law and upon the evidence produced upon the trial. The examination of the juror in question showed not only that he was competent but that he possessed more than an ordinary understanding of his duties as a juror.

The indictment in this case consisted of eight counts, and plaintiff in error was found guilty upon all the counts of the indictment but judgment and sentence were had only upon the seventh count. It is contended by plaintiff in error that this count does not properly set out a crime under the law of Illinois. The seventh count of the indictment alleged a prior sale on May 21, 1923, and averred that on June 30, 1924, "the said Abe Berman, at and within the county of Boone, and State of Illinois, not being authorized to possess intoxicating liquor in the manner provided by the Illinois Prohibition act, did then and there possess intoxicating liquor with the intent to use the same in violation of the said Illinois Prohibition act, contrary to the form of the statute," etc. In *People* v. *Barnes,* 314 Ill. 140, it was held that section 9 of the bill of rights provides that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, and that the purpose of this guaranty is to secure to the accused person such specific designation of the offense laid to his charge as will enable him to prepare fully for his defense and to plead the judgment in bar of a subsequent prosecution for the same offense. In *People* v. *Martin,* 314 Ill. 110, it is held that an indictment or information charging an offense defined by statute should be as fully descriptive of the offense as is the language of the statute and should allege every substantial element of the offense as defined by the statute; and while by virtue of section 39 it is not necessary in an information for violation of the Prohibition act to include in the information or indictment any defensive negative averment, the information must contain sufficient averments to show that the act complained of was

then and there prohibited and unlawful. While the indictment or information must contain allegations sufficient to show that the possession of the intoxicating liquor complained of was unlawful and prohibited, yet it is not necessary that the indictment or information shall specifically negative the exact words of the statute or be couched in the exact terms of the statute, but it is sufficient that it shall by the use of any apt words show that the possession of such intoxicating liquor was unlawful and prohibited by law. (*People* v. *Tate,* 316 Ill. 52; *Beasley* v. *People,* 89 id. 571; *Howard* v. *People,* 185 id. 552.) This must be shown, however, by an averment of facts, and not by inference, argument or by the statement of legal conclusions. In *Gunning* v. *People,* 189 Ill. 165, in discussing a motion to quash an indictment, it is said: "It is not permissible, in pleading, to leave a fact necessary to be averred to be derived by inference from an allegation of a mere conclusion of law. All necessary facts should be pleaded with reasonable certainty, and section 6 of division 11 of the Criminal Code has not dispensed with that rule.—*Prichard* v. *People,* 149 Ill. 50; *McNair* v. *People,* 89 id. 441; 1 Bishop on Crim. Proc. sec. 627; *Thompson* v. *People,* 96 Ill. 158." In a civil case, where the rules of pleading are not as strict as in criminal cases, it is held to be elementary, following many decisions of this court, that the pleader seeking to charge one with liability must state the facts from which such liability results, as a conclusion of law, and that a pleading is demurrable which states the conclusion of law without stating the facts. (*People* v. *Davis,* 112 Ill. 272.) In *Wilkinson* v. *People,* 226 Ill. 135, in discussing a motion to quash an indictment, it is said: "The most that can be said in support of the sufficiency of the indictment is, that enough can be gathered from the whole indictment to sustain the conviction. In an indictment that is not sufficient, as it might be in a bill in chancery or a declaration. In criminal pleading the highest degree of certainty is always

required." We are of the opinion that when the seventh count of the indictment in this case is tested by these rules it is not sufficient to sustain the judgment of conviction. After a review of the previous cases in this State upon this subject, this court in *People* v. *Tate, supra,* approved a form of indictment which is sufficient.

The judgment of the circuit court is reversed.

*Judgment reversed.*