(No. 22292.—

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* JOHN PRYSTALSKI, Circuit Judge, Respondent.

*Opinion filed October 17, 1934—Rehearing denied Dec. 5, 1934.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, JAMES V. CUNNINGHAM, WALTER L. McCOY, J. ALBERT WOLL, and HENRY E. SEYFARTH, of counsel,) for petitioner.

JOHN OWEN, for respondent.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause arises on an original petition for *mandamus* filed on leave of this court, seeking a writ commanding the respondent, as judge of the circuit court of Cook county and *ex-officio* judge of the criminal court of that county, to expunge from the record of the criminal court a judgment order releasing one Hazel Renke on a writ of *habeas corpus*. A demurrer has been filed to the petition, and thus a question of law is presented.

The facts out of which this cause arises are as follows: On May 17, 1933, an information was filed in the municipal court of Chicago charging Hazel Renke with having unlawfully in her possession, for the purpose of administering a habit-forming drug, a certain hypodermic needle and syringe adapted for the use of habit-forming

drugs by subcutaneous injection, contrary to the statute in such case made and provided. A hearing was had on this charge before the court without a jury and she was found guilty and sentenced to the Reformatory for Women at Dwight for a term of six months. On July 18, 1933, proceedings for a writ of *habeas corpus* were instituted in the criminal court of Cook county before the respondent, who on hearing awarded the writ and discharged said Hazel Renke from custody. This is the judgment order sought to be expunged by the present proceeding.

Petitioner contends that the judgment discharging Hazel Renke was void because respondent was without authority or jurisdiction to enter such order, for the reason that the municipal court had jurisdiction of the subject matter of the information against Hazel Renke, had jurisdiction of her person and had power and jurisdiction to render the judgment entered against her. Respondent, on the other hand, contends, first, that this court has no jurisdiction of the subject matter of the petition for *mandamus* because its jurisdiction in matters of *habeas corpus* is only concurrent with that of the criminal court, and it may not review *habeas corpus* by *mandamus;* second, because the criminal court had jurisdiction of the subject matter and of the person of Hazel Renke and likewise had jurisdiction to enter an order awarding the writ of *habeas corpus* and discharging her, and that the action of the criminal court is not reviewable by *mandamus* in this court. It is also argued that the petition does not show a clear and legal right to the writ.

That *mandamus* is the proper remedy to expunge void orders entered in *habeas corpus* proceedings where the court entering the order did not have jurisdiction to enter it has been definitely settled in this State. (*People* v. *Shurtleff,* 355 Ill. 210; *People* v. *Shurtleff,* 353 id. 248; *People* v. *Kelly,* 352 id. 567; *People* v. *LaBuy,* 305 id. 11.) Likewise the rule was established by the cases above cited that

*mandamus* may not be invoked except where the order sought to be expunged is void for want of jurisdiction either of the subject matter, of the parties or want of jurisdiction to enter the order complained of. The only question, therefore, arising in the case before us, is whether the criminal court had jurisdiction and power to enter the order. *People* v. *Shurtleff,* 355 Ill. 210; *People* v. *Circuit Court,* 347 id. 34; *People* v. *Williams,* 330 id. 150; *People* v. *Siman,* 284 id. 28; *People* v. *Zimmer,* 252 id. 9; *People* v. *Superior Court,* 234 id. 186; *People* v. *Jonas,* 173 id. 316.

The writ of *habeas corpus* is a high prerogative writ and should never be exercised to discharge offenders who have been lawfully convicted and sentenced to imprisonment by other courts. (*People* v. *Eller,* 323 Ill. 28.) Jurisdiction of a court does not depend primarily upon facts alleged but on authority to determine the existence or non-existence of such facts and to render judgment in accordance with such finding. (*People* v. *Superior Court, supra.*) If on the hearing of a writ of *habeas corpus* it develops that the court does not have jurisdiction in the particular case, any order except one dismissing the proceeding is void. (*People* v. *Shurtleff,* 355 Ill. 210.) In a *habeas corpus* proceeding, such as the one before us, the court hearing the petition for the writ has jurisdiction to award it only where the original judgment of conviction is void, or where something has happened since the rendition of the judgment to entitle the prisoner to a release. Respondent, as judge of the criminal court, had jurisdiction, in the first instance, to entertain the application for the writ, but if on the hearing it appeared that the judgment of the municipal court was not void, the only order which the court had jurisdiction to make was to dismiss the petition. *People* v. *Shurtleff,* 355 Ill. 210.

Respondent argued that the information upon which the judgment of conviction was based failed to charge a

crime under the laws of Illinois, and therefore the municipal court was without jurisdiction to enter the judgment against Hazel Renke. If the municipal court had no jurisdiction its judgment was void and *habeas corpus* is the proper remedy to obtain the discharge of the accused. (*People* v. *Whitman,* 243 Ill. 471.) This brings us to a consideration of the charge of the information and the statute under which it was laid.

Section 13 of an act entitled, "An act in relation to habit-forming drugs," etc., approved July 3, 1931, (Smith's Stat. 1933, chap. 38, p. 1028,) provides: "No person except a manufacturer or a wholesale or retail dealer in surgical instruments, apothecary, physician, dentist, veterinarian, nurse or interne shall at any time have or possess a hypodermic syringe or needle or any instrument or implement adapted for the use of habit-forming drugs by subcutaneous injection and which is possessed for the purpose of administering habit-forming drugs unless such possession be authorized by the certificate of a physician issued within the period of one year prior thereto."

The information charged that Hazel Renke "did then and there unlawfully have in her possession, for the purpose of administering a habit-forming drug, a certain hypodermic needle and syringe adapted to the use of habit-forming drugs by subcutaneous injection, contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the State of Illinois." Respondent contends that to constitute the charge of an offense it was incumbent upon the State to negative the exceptions set out in the statute. It is elementary that the offense charged must be accurately and clearly described, and it is the rule in this State that where an act is made criminal, with exceptions embraced in the enacting clause creating the offense, so as to be descriptive of it, the People must allege and prove that the defendant is not within the exceptions so as to show that the pre-

cise crime has been committed. In other words, where the exception is descriptive of the offense it must be negatived in order to charge the defendant with the offense. On the other hand, if the exception, instead of being a part of the description of the offense, merely withdraws certain acts or certain persons from the operation of the statute it need not be negatived, and its position in the act, whether in the same section or another part of the act, is of no consequence. (*People* v. *Saltis,* 328 Ill. 494; *People* v. *Callicott,* 322 id. 390; *People* v. *Talbot,* 322 id. 416; *People* v. *Butler,* 268 id. 635; *Sokel* v. *People,* 212 id. 238.) Exceptions are generally mere matters of defense. (*Sokel* v. *People, supra; Beasley* v. *People,* 89 Ill. 571; *Lequat* v. *People,* 11 id. 330.) If an act is prohibited except under certain conditions, the indictment must allege the circumstances for the purpose of showing that the prohibited act constituting the crime has been committed. *Sokel* v. *People, supra.*

Applying these rules to the statute and information before us, it is apparent that such exceptions as relate to persons withdrawn from the application of the act need not be negatived in an information or indictment, for the reason that such exceptions do not enter into the descriptions of the crime but merely designate the persons. As to the last exception found in the language, "unless such possession be authorized by the certificate of a physician issued within the period of one year prior thereto," it cannot be said that it constitutes merely a description of persons. The absence of the certificate of authorization is material to the charge, since the statute does not apply to anyone whose possession has, within one year prior thereto, been authorized by a certificate of a physician. This language of the statute, therefore, must be held to be descriptive of the offense, and under the rule in this State must be negatived in the information or indictment in order to render that instrument immune from attack on motion to quash

or to sustain a judgment of conviction thereunder. *People* v. *Berman,* 316 Ill. 547.

Counsel for petitioner argue that to require the People to allege and prove the want of a certificate would be to render a conviction impossible, since the People would have no means of proving that the accused did not have a certificate. There has long been recognized in this State, however, a rule which works an exception to that portion of the rule requiring the proof of allegations necessary to be made, and that is, that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party the averment is taken as true unless disproved by the other party. Such is the rule in civil or criminal prosecutions for a penalty for doing an act which the statute does not permit to be done by any persons except those who are duly licensed therefor, as the sale of liquors, exercising a trade or profession, and the like. *Kettles* v. *People,* 221 Ill. 221; *Williams* v. *People,* 121 id. 84; 1 Greenleaf on Evidence, sec. 79.

The question then arises, Was the municipal court deprived of jurisdiction of the subject matter because of the insufficiency of the information? The information charged that possession of the instrument was had illegally. Such was a conclusion of the pleader and subjected the information to demurrer or motion to quash. It is also true that a judgment entered on such information would not be sustained on review. (*People* v. *Berman, supra; People* v. *Barnes,* 314 Ill. 140.) Does it follow, however, that the municipal court had no jurisdiction of the subject matter because the judgment entered was erroneous? If it had no jurisdiction of the subject matter the judgment was void and may be attacked by *habeas corpus.*

*Habeas corpus* may not be used as a writ of error to review a judgment, and where such judgment is erroneous but not utterly void no jurisdiction in *habeas corpus* arises to review such judgment. (*People* v. *Shurtleff,* 355 Ill.

210; *People* v. *Zimmer, supra.*) Jurisdiction of a court to hear and determine a cause does not depend upon actual facts alleged but upon authority to determine the existence or non-existence of such facts and render judgment according to such finding. (*People* v. *Shurtleff,* 355 Ill. 210; *People* v. *Superior Court, supra.*) The offense charged in the information under consideration here is a misdemeanor. The municipal court of Chicago is by statute given jurisdiction of misdemeanors, and the fact that the information was open to a motion to quash because it did not sufficiently charge a crime does not establish that the court did not have jurisdiction to enter the judgment. Jurisdiction, in a general and most appropriate sense of that term as applied to the subject matter, is always conferred by law, and it is a fatal error to suppose the power to decide in any case rests solely upon the averments in a pleading. The power to hear and determine a cause is jurisdictional. It is *coram judice* whenever a case is presented which brings this power into action. (*Thomas* v. *People,* 107 Ill. 517; *Kelly* v. *People,* 115 id. 583; *Bush* v. *Hanson,* 70 id. 480.) Whether a complaint does or does not correctly state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a case belonging to a general class over which the authority of the court extends then jurisdiction attaches and the court has power to decide whether the pleading is good or bad. (*Franklin Union* v. *People,* 220 Ill. 355; *O'Brien* v. *People,* 216 id. 354.) No motion to quash the information nor in arrest of judgment was made by Hazel Renke. Where the court is by statute given jurisdiction of the subject matter of the offense, insufficiency of an information or indictment, when not raised by motion to quash or in arrest of judgment, is waived.

We are of the opinion that the municipal court had jurisdiction of the subject matter and of the person of Hazel Renke, and that while its judgment might have been

reversed on review had a motion to quash the information been made and the question preserved, such fact did not give jurisdiction to the criminal court to review that judgment by *habeas corpus*. Hazel Renke was being held on a judgment and commitment which the municipal court had jurisdiction to enter, and it follows that respondent was without jurisdiction to entertain a petition for *habeas corpus*, and the writ of *mandamus* will be awarded as prayed.

*Writ awarded.*