(No. 23346.

THE PEOPLE *ex rel.* Thomas J. Courtney, State's Attorney, Petitioner, *vs.* DENIS E. SULLIVAN, Judge, Respondent.

*Opinion filed February 19, 1936—Rehearing denied April 15, 1936.*

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for petitioner.

RITTENHOUSE & MAROVITZ, (GRENVILLE BEARDSLEY, of counsel,) for respondent.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an original petition for *mandamus*, filed on leave granted by this court. The proceeding was instituted by the People, on the relation of Thomas J. Courtney, State's attorney of Cook county, seeking a writ commanding the respondent, Denis E. Sullivan, judge of the superior court of Cook county and *ex-officio* judge of the criminal court, to expunge from the records of the criminal court an order releasing and discharging on a writ of *habeas corpus* William Jacobson from the custody of the superintendent of the house of correction of the city of Chicago: The respondent filed a demurrer to the petition for the writ of *mandamus*.

W. M. Jacobson (also referred to as William Jacobson) was convicted in the municipal court of Chicago on a charge of obtaining money by false pretenses. The verified information charged that Jacobson on February 10, 1935, did "unlawfully and fraudulently, with intent to cheat and defraud by means of false pretenses," represent to Bertha Merritt that he would deliver a certain quantity of furniture to her, which she had seen and was willing to purchase; that she was induced by reason thereof to deliver to Jacobson the sum of $140, and that Jacobson's representation to her was false, as he delivered to her a quantity of furniture which she did not select. Jacobson was arrested, pleaded not guilty, waived a jury, was tried by the court, found guilty and sentenced to the house of correction for one year and to pay a fine of $2000.

After Jacobson was delivered to the custody of the superintendent of the house of correction a petition for a writ of *habeas corpus* was filed on March 15, 1935, before Judge Denis E. Sullivan, then sitting in the criminal court of Cook county. The petition for that writ alleged that Jacobson's detention and imprisonment were unlawful: that the judgment of the municipal court was void because the complaint charged the defendant with a felony, over which the municipal court had no jurisdiction; that the process was defective in substantial form; that in such a case the law does not authorize process of commitment to issue out of the municipal court of Chicago; that the complaint charged no crime known to the laws of the State of Illinois, and there is no general law which authorizes the issuance of such process. The writ was ordered to issue, and the superintendent of the house of correction made a return reciting that Jacobson was placed in his custody under a valid judgment, by the terms of which he was found guilty by the municipal court of Chicago of obtaining money by means of false pretenses and with intent to cheat and defraud; that the sentence had not been served nor the fine paid; that the municipal court did not exceed its jurisdiction in entering the judgment; that the process was not defective, and that the cause was one in which the law authorizes process to issue out of the municipal court, and that the complaint filed against Jacobson charged a crime against the laws of the State, namely, the crime of obtaining money by means of false pretenses with intent to cheat and defraud. The respondent prayed that the writ of *habeas corpus* be quashed, and that the petition be dismissed and Jacobson remanded to the respondent's custody.

The contentions are the same as the principal allegations of the respective pleadings. It is argued by counsel for the respondent that the information charged no offense; that a false pretense is a false representation of a past or existing fact or condition, knowingly and designedly made,

by which the money of another is obtained, and that a promise to do something in the future and the failure to abide thereby do not constitute false representation.

Section 96 of the statute upon which the conviction of Jacobson was based, so far as it is applicable here, is as follows: "Whoever, with intent to cheat or defraud another, designedly * * * by any false pretense, * * * obtains from any person any money, personal property or other valuable thing, shall be fined in any sum not exceeding $2000, and imprisoned not exceeding one year." Ill. State Bar Stat. 1935, chap. 38, par. 228, p. 1178.

The averment of the petition for *habeas corpus* was that the offense, if one was charged in the information in the municipal court, was a felony, in which class of cases that court has no jurisdiction. A felony is an offense punishable with death or imprisonment in the penitentiary. Every other offense is a misdemeanor. (Ill. State Bar Stat. 1935, chap. 38, div. 2, secs. 5, 6, p. 1237; *People* v. *Bain,* 359 Ill. 455; *People* v. *Mangano,* 354 id. 329; *People* v. *Stavrakas,* 335 id. 570.) The municipal court of Chicago is given jurisdiction in "cases to be designated * * * as cases of the third class, which shall include all criminal cases in which the punishment is by fine or imprisonment otherwise than in the penitentiary." (Ill. State Bar Stat. 1935, Municipal Court act, sec. 2, p. 1102.) The punishment provided for the offense tried in the municipal court, which was the basis of the *habeas corpus* proceeding, is a fine not exceeding $2000 and imprisonment not exceeding one year. There is no provision that such imprisonment must be in the penitentiary. On the trial of the defendant the sentence imposed was a fine of $2000 and imprisonment in the house of correction for one year, which was within the terms of the statute. If there was an offense charged, (which will be hereafter discussed,) it was a misdemeanor, of which the municipal court had jurisdiction, and the court did not

exceed its jurisdiction in the entry of the particular judgment. *People* v. *Glowacki,* 236 Ill. 612.

The further contention of counsel for the respondent is that the information in the municipal court merely charged the obtaining of money by a false promise to do a future act, which promise was not kept, and that such a charge fails to state a crime. The charge was that the defendant unlawfully and fraudulently, with intent to cheat and defraud by means of false pretense, represented that he would then and there deliver a certain quantity of furniture to the complaining witness, which she had seen and was willing to purchase, and that she was then and there induced, by reason thereof, to deliver to the defendant the sum of $140, and that the defendant delivered to her other furniture. While this phraseology contains an element of futurity as to the delivery of furniture, yet the information substantially charges that the complaining witness was induced to pay to the defendant the sum of $140 for the furniture which he exhibited to her. There was a completed sale of specific furniture. There was an existing fact and condition concerning which there was a false representation. Any false representation of an existing fact or condition by which a party obtains the property of another is a false pretense under a statute making it a crime to obtain property by false pretenses. (*People* v. *Drury,* 335 Ill. 539; *People* v. *Peers,* 307 id. 539; *Jackson* v. *People,* 126 id. 139.) The information was not void, and it is unnecessary to consider whether it was defective. If defective a motion to quash could have been made, but no such motion was made. The defendant went to trial without raising any question with respect to the information and at the conclusion of the trial there was no motion in arrest of judgment. Informalities in the information were waived. Even conceding that the judgment of the municipal court could have been reversed upon writ of error, that would not necessarily justify resort to a writ of *habeas corpus.*

The writ of *habeas corpus* may not be used as a writ of error to review a judgment which may be erroneous but is not void. (*People* v. *Prystalski,* 358 Ill. 198; *People* v. *Shurtleff,* 355 id. 210; *People* v. *Zimmer,* 252 id. 9.) Jurisdiction of a court to hear and determine a cause does not depend upon actual facts alleged but upon authority to determine the existence or non-existence of such facts and render judgment according to such finding. (*People* v. *Superior Court,* 234 Ill. 186; *People* v. *Prystalski, supra; People* v. *Shurtleff, supra.*) If it appears from the petition and the return in a *habeas corpus* proceeding that the court which rendered the judgment had jurisdiction of the person and subject matter and nothing has happened since the rendition of that judgment which would entitle the prisoner to his release, the court to which the *habeas corpus* petition is addressed should decline, for want of jurisdiction, to discharge the prisoner, and in case of a failure to do so its order discharging the prisoner is void. (*People* v. *Thompson,* 358 Ill. 81; *People* v. *Green,* 281 id. 52; *People* v. *Zimmer, supra.*) The offense charged was a misdemeanor, which the municipal court had jurisdiction to try. There was therefore jurisdiction of the subject matter and also of the person. The order of release in the *habeas corpus* proceeding was void and the proper remedy to expunge it was *mandamus. People* v. *Prystalski, supra; People* v. *Shurtleff, supra.*

The other questions of law presented in the briefs do not require additional consideration. What has already been stated disposes of those questions.

The writ of *mandamus* will issue according to the prayer of the petition.

*Writ ordered.*